IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALBERT T. CARLISLE, Plaintiff,

v.

BARTONY, HARE & EDSON, ET AL., Defendants.

Civil Action No. 04-25 ERIE

**INITIAL SCHEDULING ORDER**

AND NOW, this 19th day of July, 2005, IT IS HEREBY ORDERED that the above captioned civil action is placed under Rule 16.1 of the Local Rules of the United States District Court for the Western District of Pennsylvania for pretrial proceedings and all provisions of the Rule will be strictly enforced.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to the Post-Discovery Status Conference, or any other status conference, in order to obtain authority for the purpose of participating in settlement negotiations to be conducted by the court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

IT IS FURTHER ORDERED that compliance with the provisions of Local Rule 16.1.2.A. shall be completed as follows:

A. Initial Case Management Plan

1) This case is designated as a Track One action as that term is defined in Local Rule 16.1.3.

2) The parties shall move to amend the pleadings or add new parties by August 31, 2005.

3) The parties, having already served the required disclosures identified in Rule 26(a), shall complete discovery by October 31, 2005. All interrogatories, depositions, requests for admissions and requests for production shall be served within sufficient time to allow responses to be complete and filed prior to the close of discovery.

4) A Post-Discovery Status Conference is scheduled for Friday, November 18, 2005 at 10 a.m.. The parties shall be prepared to discuss settlement and the possibility of using a method of alternative dispute resolution. The parties are also advised that the court will schedule the following at this Conference: (1) dates by which dispositive motions should be filed and responded to; (2) dates by which the parties' pre-trial statements should be filed; (3) dates by which motions *in limine* should be filed and responded to; (4) dates by which *Daubert* motions should be filed and responded to; (5) dates on which argument on *Daubert* motions and motions *in limine* shall be heard; (6) date for the final pre-trial conference; and (7) trial dates.

B. Motion Practice

1) Motions Not Requiring Briefs

No brief is required by either movant or respondent unless otherwise directed by the court with respect to the following motions:

(a) For extension of time for the performance of an act required or allowed to be done;

(b) To continue a Post-Discovery Status Conference;

(c) To amend pleadings;

(d) To file supplemental pleadings;

(e) For a substitution of parties; and

(f) To compel discovery.

Any of the above motions not requiring briefs shall be accompanied by a proposed order stating the relief requested by said motion. All other motions and responses thereto, must be accompanied by a brief. The Clerk shall not accept for filing any motion, application or objection requiring a brief not accompanied by such brief without permission of the court.

C. Procedure Governing Discovery Disputes

The Federal Rules of Civil Procedure allow for liberal discovery. In the absence of a privilege, relevancy is the test for determining whether material is discoverable. Fed.R.Civ.P. 26(b)(1). This rule is construed broadly and includes "any matter that bears on, or that reasonably could lead to other

matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Discovery is not limited to the issues raised only in the pleadings, but rather is designed to define and clarify the issues. Id. at 351. Nor is discovery objectionable on the ground that the information sought would be inadmissable at trial, so long as the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Additionally, should it be determined that, given the needs of the case, compliance with a discovery request would be burdensome or expensive, this will not necessarily be grounds for non-production, but it will impact on the court's decision as to who must bear the cost of production.

In accordance with Local Rule 7.1.C., in the event a dispute arises over a discovery request, all counsel are required to confer in good faith in an effort to resolve the issue without court intervention. It shall be the obligation of the attorney for the party seeking court intervention to initiate such conferences and to do so promptly. Refusal to confer in good faith may subject counsel to sanctions, such as the imposition of costs, including the attorney's fees of opposing counsel, under Fed.R.Civ.P. 37(a)(4).

In the event, however, that the parties to this action are unable to informally resolve a discovery dispute and court intervention is sought, the movant shall file a Motion to Compel Discovery (or Protective Order if such is the case). Attached to the Motion shall be a proposed Order of Court in which the moving party shall set forth, in specific detail, its proposal for completely resolving the discovery dispute. Within five (5) working days after receipt of the motion, the respondent, either singularly or in conjunction, shall file a written response. Attached to the response shall be respondent's proposed Order of Court.

The court will sign, without modification, the one proposed Order of Court which, in the judgment of the court, is most reasonable under the circumstances.

BY THE COURT:

______________________, J.

cc: All Counsel of Record