IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALBERT T. CARLISLE,               )
         Plaintiff,               )
                                  )
    v.                            )  Civil Action No. 04-25 ERIE
                                  )
BARTONY, EDSON & HARE, ET AL.,   )
         Defendants.              )

## FINAL SCHEDULING ORDER

And now this 17th day of March, 2006, IT IS HEREBY ORDERED that compliance with the provisions of Local Rule 16.1.2.B. shall be completed as follows:

A.    Final Case Management Plan

1)   The parties shall file motions for summary judgment, if appropriate, on or before May 1, 2006.  The nonmoving party's response to the motion for summary judgment is due on June 15, 2006.  Any reply to a response to a motion for summary judgment is due on June 30, 2006.  No further briefing is allowed.

2)   Plaintiff's pretrial narrative statement shall comply with Local Rule 16.1.4.A. and shall be filed by July 14, 2006. Defendants' pretrial narrative statements shall comply with Local Rule 16.1.4.B. and shall be filed August 14, 2006.  Counsel shall specify the material facts to be proved at trial.   Proof of material facts not specified, may be excluded at trial upon objection or by the court sua sponte.

ANY EXHIBIT WHICH HAS NOT BEEN IDENTIFIED BY COUNSEL IN THE PRETRIAL NARRATIVE STATEMENT, EXCEPT AN EXHIBIT TO BE USED SOLELY FOR IMPEACHMENT PURPOSES, SHALL NOT BE ADMITTED AS EVIDENCE, UNLESS THE PARTIES OTHERWISE AGREE OR THE COURT ORDERS OTHERWISE.

The parties shall not amend or supplement their pretrial statements without leave of court.

3) The parties shall file any motions in limine , proposed points for charge and proposed voir dire no later than August 28, 2006. The nonmoving party's response to any motion in limine shall be due no later than September 8, 2006. NO MOTIONS IN LIMINE WILL BE ENTERTAINED BY THE COURT PRIOR TO AUGUST 21, 2006.

4) The court will conduct a pretrial conference on Friday, September 15, 2006, at 2:30 p.m.. IMPORTANT INFORMATION REGARDING ATTORNEYS' RESPONSIBILITIES AT THE PRETRIAL CONFERENCE APPEARS IN SECTION C OF THIS ORDER.

5) The case shall presumptively be called for trial on Monday, September 25, 2006 at 9:30 a.m.. THE ABSENCE OF ANY WITNESS SHALL NOT BE SUFFICIENT CAUSE TO DELAY THE TRIAL.

B.    Motion Practice

    1)  Motions Not Requiring Briefs

No brief is required by either movant or respondent unless otherwise directed by the court with respect to the following motions:

(a) For extension of time for the performance of an act required or allowed to be done;

(b) To continue a pretrial conference, hearing, or the trial of an action;

(c) To amend pleadings;

(d) To file supplemental pleadings; and

(e) For a substitution of parties.

Any of the above motions not requiring briefs shall be accompanied by a proposed order stating the relief requested by said motion.  All other motions and responses thereto, must be accompanied by a brief.  The Clerk shall not accept for filing any motion, application or objection requiring a brief not accompanied by such brief without permission of the court.

2) Summary Judgment Motions

The brief in support of a motion for summary judgment shall begin with a section entitled "Movant's Statement of Undisputed Material Facts." The statement shall contain a concise itemization of material facts over which the movant contends that no dispute exists. The facts shall be numbered and appear in a form similar to a plaintiff's complaint. At the conclusion of each fact, movant shall refer, with particularity, to those portions of the record upon which movant relies.

The brief in opposition to a motion for summary judgment shall begin with a section entitled "Response to Movant's Statement of Undisputed Material Facts." The Response shall answer each of the numbered averments of fact set forth in the movant's statement and shall state whether the movant's averment of fact is "admitted" or "disputed." If disputed, the respondent shall state a concise counter statement of the matter disputed. At the conclusion of each counter statement, respondent shall refer, with particularity, to those portions of the record upon which respondent relies. For example,

"5) Admitted.

6) Disputed. On the contrary . . . (See plaintiff's deposition of November 1, 1992, at Page 7, lines 12-14)"

4

All material facts set forth in the Movant's Statement of Undisputed Material Facts shall be deemed admitted for the purpose of summary judgment unless specifically controverted as set forth herein.  All parties shall attach to their Statements of Undisputed Material Fact and Response thereto, copies of the documents or portions of the record that support their respective positions.

### 3) Motions in Limine

Prior to filing a motion in limine, counsel shall confer and consult so as to ensure that a genuine dispute exists with respect to the subject matter of the motion in limine.  **A motion in limine must be accompanied by a certificate from the moving counsel of record certifying that he has conferred and consulted with adverse counsel with respect to each matter set forth in the motion and that the parties are unable to resolve their differences.**  The certificate shall set forth the exact time and place of the conference and consultation.  If the required certificate cannot be furnished, counsel for movant shall furnish an alternative certificate stating that opposing counsel has refused to so meet and confer, or to sign the required certificate, or stating such other facts and circumstances supporting the absence of the required certificate and movant's efforts to obtain compliance by opposing counsel.

C.    Pretrial Conference

At the pretrial conference, ATTORNEYS MUST BE PREPARED TO DO EACH OF THE FOLLOWING:

1)  INDICATE on the record whether the exhibits of any other party are agreed to or objected to, and offer the reason(s) for any such objection.

2)  If any legal issues remain undecided, PRESENT the proper motions, along with a brief.

3)  ESTIMATE the number of days required for trial.

4)  IDENTIFY the witnesses that are to testify at trial.

5)  IDENTIFY any depositions or any portion thereof to be read into evidence.  A party intending to use a discovery deposition in its case-in-chief shall:    (a) identify the deposition by the name of the deponent and date of his or her deposition; and (b) designate to the court and to the opposing party the pages and lines that will be offered at trial. Opposing counsel shall counter-designate those lines and pages of the same deposition that will be offered at trial.  Objections to the admissibility of any portion thereof to be read into evidence shall be identified at the pretrial conference.   Objections to the admissibility of any portion shall be submitted to the court at the conference.    This order does not include video taped qualifications of experts.

6)  IDENTIFY known or anticipated evidentiary issues.

6

7)   INQUIRE of their authority to settle and have their clients present or available by telephone.   The judge shall inquire whether counsel have discussed settlement.

Such record shall be made of the conference as the court orders.   Failure to fully disclose in the pretrial narrative statement, or at the pretrial conference, the substance of evidence proposed to be offered at trial will result in the exclusion of that evidence at trial, unless the parties otherwise agree or the court orders otherwise.   The only exception shall be evidence used for impeachment purposes.

BY THE COURT:

s/Gary L. Lancaster, J.
The Honorable Gary L. Lancaster
United States District Judge

cc:   All Counsel of Record

7