IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT T. CARLISLE, | ) CIVIL DIVISION |
| | ) |
| Plaintiff | ) C.A. No. 04-25 Erie |
| | ) |
| v. | ) |
| | ) Judge Gary Lancaster |
| BARTONY, HARE & EDSON; SCOTT M. HARE, ESQUIRE; HENRY E. BARTONY, JR., ESQUIRE; and JOHN JOY EDSON, V., ESQUIRE, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR SUMMARY JUDGMENT**

Defendants, by and through their attorneys, Weinheimer, Schadel & Haber, P.C., file the following Motion for Summary Judgment:

1. This is a state law claim legal malpractice action arising out of Scott Hare's representation of plaintiff in federal court litigation over timbering rights.

2. Carlisle asserts diversity jurisdiction under 28 U.S.C. §1332. Carlisle is a resident of the state of Ohio and the Defendants are all residents of the state of Pennsylvania.

3. Plaintiff filed the underlying federal court action on March 13, 1995 in the District Court for the Western District of Pennsylvania against Matson Lumber Company and Matson Hardwoods, Inc. (later, by merger, Matson Lumber Company). Carlisle v. Matson Lumber Company and Matson Hardwoods Inc., No. 95-03676 (W.D.Pa.).

4. The complaint there asserted claims for breach of contract, trespass, and conversion, alleging that Matson Lumber had breached the terms of an agreement between Carlisle and Matson Lumber's predecessor in interest, Fisher & Young, when Matson improperly harvested trees.

{00062582.DOC:1}

5. On December 18, 1997, the jury returned a verdict in Carlisle's favor and awarded damages in the sum of $110,000, and declaratory relief.

6. Plaintiff obtained new counsel for the appeal by Matson and Mr. Hare's representation terminated in 1998.

7. Plaintiff now claims that Mr. Hare was negligent in his representation of plaintiff in the underlying federal court action by:

   a) dismissing or allowing to be dismissed the trespass and conversion claims. (Plaintiff's answers to interrogatories, No. 6 (a) 1, 2, 8, 9).

   b) failing to establish additional damages in the federal court action. (Plaintiff's answers to interrogatories, No. 6 (a) 5, 14)

   c) failing to timely file trespass and conversion claims in state court. (Plaintiff's answers to interrogatories, No. 6 (a) 3, 13)

   d) failing to determine the record owner of the timber on the Carlisle property for the relevant time period and argue in the federal court action that Matson had no rights. (Plaintiff's answers to interrogatories, No. 6 (a) 4, 6, 7, 10, 11, 12)

8. Plaintiff claims damages for Timber wrongfully harvested by Matson in 1993-94, 1994 – 95, timber remaining to be harvested by Matson, cost of repairs to real property caused by Matson's timbering operations and damage to residual trees. (Plaintiff's answers to interrogatories, 6(d)).

9. All of the damages claimed by plaintiff in this case were part of the damages in the federal court action, although some were excluded by court ruling prior to the submission to the jury.

10. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

11. An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Facts are material when disputes over the facts might affect the outcome of a case. *Id.* Thus, a "mere scintilla" of evidence is not enough for the plaintiff to defeat a motion for summary judgment. *Id.* at 252.

12. The court must decide "whether reasonable jurors could find by a preponderance of evidence that the plaintiff is entitled to a verdict." *Id.*

13. In this case, it is clear that a plaintiff is not entitled to a verdict because his claims are time barred, he cannot prove causation and there was no undertaking to perform a title search.

14. In order to state a cause of action for legal malpractice, the plaintiff must prove:

   a) the employment of the attorney or other basis for the duty;

   b) the failure of the attorney to exercise ordinary skill or knowledge; and

   c) that the negligence was the proximate cause of the damages to the plaintiff.

   See Duke & Company v. Anderson, 418 A.2d 613 (Pa.Super. 1980); Schenkel v. Monheit, 405 A.2d 493 (Pa.Super. 1979); Trice v. Mozenter, 515 A.2d 10 (Pa.Super. 1986) *aff'd* 621 A.2d 108 (Pa. 1993).

15. Under Pennsylvania law, a tort claim must be brought within two years from the date the cause of action arose. 42 Pa.C.S.A. § 5524.

16. Further, in legal malpractice actions, whether in negligence or otherwise, it is clear that the statute of limitations begins to run at the **time of the alleged breach of duty**, which is

known as the occurrence rule. Robbins & Seventko Orthopedic Surgeons, Inc. v. Geisenberger, 674 A.2d 244 (Pa. Super. 1996), Glenbrook Leasing Company v. Beausang, 839 A.2d 437 (Pa. Super. 2003) *aff'd* 881 A.2d 1266 (Pa. 2005), and Bailey v. Tucker, 621 A.2d 108 (Pa. 1993). (Emphasis added) See also Harsco Corporation v. Kerkam, Stowell, Kondracki and Clarke, P.C., 961 F.Supp. 104 (M.D. Pa. 1997); Pettit v. Smith, 241 B.R. 847 (ED.Pa. 1999) and Garcia v. Community Legal Service Corp., 524 A.2d 980 (Pa. Super. 1987).

17. Lack of knowledge, mistake or misunderstanding will not toll the running of the statute of limitations on a legal malpractice claim. Robbins, 674 A.2d at 247.

18. Plaintiff was aware of or could have been aware of his alleged harm and the cause of that harm at the time of verdict in 1997.

19. Plaintiff was aware at the time of the verdict that he did not recover damages for the conversion and trespass claims.

20. Plaintiff had constructive knowledge of the 1973 deed for the purposes of the Pennsylvania statute of limitations. Weik v. Estate of Margaret Brown, 794 A.2d 907 (Pa.Super. 2002).

21. Therefore, plaintiff could have been aware of the 1973 deed at the time of the verdict (and for a long time before the verdict).

22. Plaintiff testified that he held, at the time of the federal court proceedings, a subjective concern, that he did not express to Mr. Hare, that there was a problem with Matson's title to the timber rights based on discussions with his lawyer at the time of the purchase.

23. Plaintiff testified that he did believe, and operated under the belief, that Matson had some rights to the timber.

24. Plaintiff and Matson always operated under the assumption that they had an agreement with respect to the timber rights and their litigation involved a dispute as to the extent of that agreement.

25. A limitations period is not extended until plaintiff finally realizes his rights have been lost. Robbins & Seventko Orthopedic Surgeons, Inc. v. Geisenberger, 674 A.2d 244, 248 (Pa.Super. 1996) (that the statute of limitations was not tolled during administrative appeals of an IRS ruling that the pension plan the lawyer defendants had prepared was defective); Bailey v. Tucker, 621 A.2d 108 (Pa.1993) (rejected the plaintiff's argument that the statute was tolled until the final resolution of the appeals and collateral proceedings in the underlying the case); Moore v. McComsey, 459 A.2d 841, 844 (Pa.Super. 1983); (The fact that appellant filed a P.C.H.A. petition in the criminal action alleging ineffective assistance of counsel was entirely inadequate to toll the running of the statute on the civil action.); Moore v. Juvenal, 92 Pa. 484, 490 (Pa. 1880) (limitations period for cause of action for legal malpractice commenced upon expiration of the statute of limitations for underlying matter and was not tolled pending the disposition of the underlying action); Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C., 1997 WL 102521 (E.D. Pa. 1997) (limitations period commenced as soon as the expiration of the expert witness deadline and was not tolled until the case was finally dismissed due to the absence of an expert witness).

26. No Pennsylvania court decision supports the argument that the statute of limitations does not begin to run until a court determines that the advice of the attorney was improper.

27. The Pennsylvania occurrence rule stands in contrast to this proposition. See also Estate of Spry v. Beaty, 2004 WL 396287 (Ind. App. March 4, 2004). (The court held that the

statute begins to run when plaintiff placed on notice that release drafted by defendant was overly broad and not when the court rules to that effect).

28. With respect to knowledge of a claim, "plaintiffs need not know that they have a cause of action, or that the injury was caused by another party's wrongful conduct, for once a plaintiff possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim." McD. v. Rosen, 621 A.2d 128, 131 (Pa.Super. 1993) (quoting Bailey v. Lewis, 763 F. Supp. 802, 806-807 (E.D. Pa. 1991), *aff'd*, 950 F.2d 721 (3d Cir. 1991)). See also Igbonwa v. Cameron, 2004 WL 257358 (E.D.Pa. Feb. 2004).

29. As plaintiff was aware of, or could have been aware of, the harm he alleges he suffered at the time of the 1997 verdict, and he did not bring suit within two years from the date of the verdict, plaintiff's claims here are barred by the statute of limitations.

30. Even if plaintiff's claims were not barred by the statute of limitations, plaintiff has failed to prove causation in a legal malpractice matter.

31. Higher standards exist for the plaintiff to prove causation than those in a traditional negligence action. As the court has explained, Pennsylvania does not recognize an increased risk of harm standard for legal malpractice claims, rather the standard is "but for" causation. Myers v. Robert Lewis Seigle, P.C., 751 A.2d 1182 (Pa.Super. 2000).

32. In order to prove that the negligence was the proximate cause of the damage to plaintiff, the plaintiff must be able to establish by a preponderance of the evidence that the outcome would have been in his favor but for the attorney's actions. Duke & Co. v. Anderson, 418 A.2d 613 (Pa.Super. 1980); Schenkel v. Monheit, 405 A.2d 493 (Pa.Super. 1979) and Trice v. Mozenter, 515 A.2d 10 (Pa.Super. 1986) *aff'd* 621 A.2d 108 (Pa. 1993).

33. The Supreme Court has explained that "[i]t is only after the plaintiff proves he would have recovered a judgment in the underlying action that the plaintiff can then proceed with proof that the attorney he engaged to prosecute or defend the underlying action was negligent in the handling of the underlying action and that negligence was the proximate cause of the plaintiff's loss since it prevented the plaintiff from being properly compensated for his loss." Kituskie v. Corbman, 714 A.2d at 1030. See also Wilken v. Entenmann & Sansone, et.al, 152 PITT.L.J. 155, 160 (Alleg.Cty. 2004).

34. It is insufficient to plead and prove malpractice by asserting that the advice or a decision to enter or withhold evidence was incorrect. See Composition Roofers Local 30/30B v. Katz, 581 A.2d 607, 610 (Pa.Super. 1990); Gans v. Mundy, 762 F.2d 338 (3d. Cir. (Pa.) 1985); Mazer v. Security Insurance Group, 368 F.Supp. 418, 422 (E.D.Pa.1973), *aff'd mem.* 507 F.2d 1338 (3d. Cir. (Pa.) 1975) (an informed judgment, even if subsequently proven to be erroneous, is not negligence).

35. Therefore, reasonable strategic decisions, even those which turn out to be incorrect, are not malpractice.

36. Mr. Hare made a strategic decision to dismiss the trespass and conversion claims.

37. Further, Plaintiff has not presented any evidence of how he would have prevailed in the trespass or conversion claim or why the jury would have been compelled to find in his favor on those claims.

38. Without such evidence, plaintiff cannot prevail in a legal malpractice claim.

39. Likewise, with respect to locating the 1973 deed, plaintiff cannot prove causation. Initially, the deed on its face does not grant plaintiff rights in the timber.

40. Plaintiff has not presented any evidence that the deed would have required that he recover additional damages as the deed reverted timber rights to the grantor, not to plaintiff.

41. Therefore, locating the deed during the federal court litigation, at best, would have simply moved up the time frame for another dispute regarding whether the quit claim deed is valid and/or filing a quiet title action or action to reform the deed.

42. Accordingly, plaintiff cannot prove causation and his claims against defendants should be dismissed.

43. The plaintiff must, as part of causation, prove <u>actual loss</u> in order to recover in a legal malpractice claim, see <u>Schenkel v. Monheit</u>, 405 A.2d 493 (Pa.Super.Ct.1979); <u>Pashak v. Barish</u>, 450 A.2d 67, 69 (Pa.Super.Ct.1982).

44. Speculative harm cannot be the basis of a legal malpractice action. <u>Mariscotti v.Tinari, P.C.</u>, 485 A.2d 56, 57 (Pa.Super.Ct.1984).

45. With respect to the damages for trespass and conversion, plaintiff is engaging in mere speculation that had those counts gone to the jury, he would have recovered additional damages.

46. Further, plaintiff is engaging in mere speculation that the 1973 deed would have caused the jury to believe that Matson had no rights in the timber or that any rights that had reverted would have gone to plaintiff, and not to the original grantor.

47. Accordingly, plaintiff has failed to prove causation and summary judgment is appropriately granted to defendants.

47. In order to sufficiently state a cause of action for legal malpractice, a plaintiff must allege an attorney client relationship or a specific undertaking on behalf of the plaintiff. <u>Duke & Co. v. Anderson</u>, 275 Pa.Super. 65, 418 A.2d 613 (1980) ; <u>Schenkel v. Monheit</u>, 266 Pa.Super. 396, 405 A.2d 493 (1979) and <u>Trice v. Mozenter</u>, 356 Pa.Super. 510, 515 A.2d 10 (1986) *aff'd* 621 A.2d. 108 (1987).

48. An attorney is not liable for the failure to perform acts for which he was not retained. <u>Pittsburgh Coal and Coke, Inc. v. Cuteri</u>, 404 Pa.Super. 298, 590 A.2d 790 (1991)*rev'd* on other grounds 622 A.2d 284 (1993).

49. Mr. Hare was not retained to perform a title search or to question whether Matson had any rights to timber, but rather to litigate the dispute with respect to the extent of Matson's rights.

50. As there was no undertaking to perform a title search, plaintiff's claim with respect to performing a title search should be dismissed.

51. Plaintiff's claims are properly dismissed and summary judgment is appropriately granted to the defendants.

WHEREFORE, Defendant's respectfully request this Honorable Court dismiss plaintiff's claims and enter judgment in their favor.

Respectfully submitted,

Weinheimer, Schadel & Haber, P.C.

BY _____
David L. Haber, Esquire
Pa. I.D. No. 39574

602 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA  15219
(412) 765-3399