IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT T. CARLISLE, | ) CIVIL DIVISION |
| | ) |
| Plaintiff | ) C.A. No. 04-25 Erie |
| | ) |
| v. | ) |
| | ) Judge Gary Lancaster |
| BARTONY, HARE & EDSON; SCOTT | ) |
| M. HARE, ESQUIRE; HENRY E. | ) |
| BARTONY, JR., ESQUIRE; and JOHN | ) |
| JOY EDSON, V., ESQUIRE, | ) |
| | ) |
| Defendants. | ) |

## STATEMENT OF UNDISPUTED FACTS

Defendants, by and through their attorneys, Weinheimer, Schadel & Haber, P.C., file the following Statement of Undisputed Facts:

1.      Plaintiff filed the underlying federal court action on March 13, 1995 in the District Court for the Western District of Pennsylvania against Matson Lumber Company and Matson Hardwoods, Inc. (later, by merger, Matson Lumber Company). Docket to Carlisle v. Matson Lumber Company and Matson Hardwoods Inc., No. 95-03676 (W.D.Pa.), Exhibit "A"

2.      The complaint there asserted claims for breach of contract, trespass, and conversion, alleging that Matson Lumber had breached the terms of an agreement between Carlisle and Matson Lumber's predecessor in interest, Fisher & Young, when Matson improperly harvested trees in a "no-cut zone" on the plaintiff's property. Complaint in 95-0367, Exhibit "B"

3.      In addition, the complaint requested an accounting, and certain declaratory and injunctive relief, to define the extent of Matson's rights.

4.     After commencement of the action, plaintiff voluntarily dismissed the tort claims for trespass and conversion.   Stipulation of dismissal, Exhibit "C" and Excerpt from trial transcript, p. 21-24, 76,  Exhibit "D"

5.     Mr. Hare allowed the dismissal of those claims as a strategic decision to streamline the trial and because he believed there was insufficient evidence to proceed on the claims.  Trial transcript, p. 21-24, and 76.

6.     Therefore, the underlying action was presented to the jury on plaintiff's claims for breach of contract and declaratory relief.

7.     Prior to the trial, the court issued rulings based on Matson's objections that dismissed certain claims for damages in the in the Complaint.  Deposition of Hall, p. 83-84,  Exhibit "E"

8.     On December 18, 1997, the jury returned a verdict in Carlisle's favor and awarded damages in the sum of $110,000.  Verdict form, Exhibit "F"

9.     Plaintiff obtained new counsel for the appeal by Matson and Mr. Hare's representation terminated in 1998.  Deposition of plaintiff, p. 55, 57-58,  Exhibit "G"

10.     The federal court action arose out of plaintiff's ownership of approximately 1,239.6 acres previously known as the "Clough Farm." Carlisle acquired title from Fisher & Young, Inc. for $100,000, by deed dated January 9, 1970 and recorded in the Office of the Recorder of Deeds of Warren County, Pennsylvania in Deed Book 361, Page 13.  Deed, Exhibit "H"

11.     That deed incorporated provisions of a May 28, 1969 written agreement of sale between Fisher & Young, Inc. and plaintiff by which plaintiff purchased only the real estate and not the timber rights on Clough Farm. Agreement, Exhibit "I"

12.    The deed specifically excepted and reserved timber rights and plaintiff believed when he acquired the land that Fisher & Young had certain rights to the timber.    Deposition of plaintiff, p. 14

13.    At no time, during any of the litigation prior to 2003, did plaintiff ever assert that Fisher & Young or Matson had no rights to any timber.

14.    The first lawsuit took place in 1985, when plaintiff and Fisher & Young, Inc. were involved in a lawsuit with the McChesneys, neighbors to the Clough Farm.    This lawsuit determined rights regarding timber ownership as the McChesneys were claiming ownership of certain timber, and a different boundary line that extended into plaintiff's property,  and plaintiff with Fisher & Young sought relief for trees that were cut.  Deposition of plaintiff, p. 21-22

15.    During the course of that litigation, plaintiff and Fisher & Young came to an agreement regarding who owned what trees, which was based on the diameter of the tree. Deposition of plaintiff, p. 22-24

16.    No title search was performed at this time and plaintiff did not, during the course of this litigation, dispute Fisher & Young's rights to certain timber on the Clough Farm property. Deposition of plaintiff, p. 24

17.    In fact, for nearly 30 years, plaintiff and Fisher & Young, and subsequently Matson, operated under the understanding that Fisher & Young and Matson had some rights to timbering on the property, while at the same time litigating the extent of those rights.

18.    Plaintiff did not seek the advice of a lawyer regarding who owned the timber, the question lingered in his own mind, perhaps for 20 years, because Terry Warren, his attorney at the time he entered into the agreement with Fisher & Young, had some concern about who owned the timber. Deposition of plaintiff, p. 97

19.    Plaintiff did not specifically discuss with Mr. Hare the lingering question in his mind about who owned the timber. Deposition of plaintiff, p. 96-97

20.    Immediately following the verdict in federal court in his favor, the plaintiff was unhappy with the amount he received and the jury's determination of the timber rights. He believed that the jury had determined an incorrect no-cut zone based on the agreements and that he had not received sufficient damages. Deposition of plaintiff, p. 47-50

21.    Plaintiff then filed suit in the Court of Common Pleas of Warren County against Matson, at No. 98-353, for the trespass and conversion claims withdrawn in the federal court action and additional claims. Warren County Complaint, Exhibit "J"

22.    Mr. Krembs, plaintiff's initial counsel in filing the Warren County action, testified that he had concerns about the dismissal of the conversion and trespass claims and whether the saving statute would have applied at the time or prior to the time he filed the Complaint in Warren County in 1998. Deposition of Krembs, p. 12, Exhibit "K"

23.    The Complaint Mr. Krembs filed was related to the dispute between Matson and plaintiff over the extent of timbering rights and he did not do a title search regarding the action. He viewed this as a contract dispute following the declaratory judgment action. Deposition of Krembs, p. 16

24.    While that case is still pending, the court has already granted partial summary judgment to Matson. The Warren County court entered an Order on January 30, 2002, granting in part the Defendants' Motion for Summary Judgment. Opinion of Warren County Court, Exhibit "L"

25.    The court's order and opinion clearly states that the court is only dismissing claims for damages arising prior to the verdict of December 17, 1997. The court goes on to state since the new lawsuit was filed less than two (2) years after the verdict in the federal court action, no

claims are barred by the statute of limitations.  Rather, the court held the jury verdict in the federal court action was a bar to seeking damages that were sought in the federal court action, essentially regardless of whether those damages were brought in tort or based on the contract. The court also dismissed all claims relative to damages for the removal of trees that existed in 1969.

26.    In 2003, Matson apparently located a 1973 timber deed  which on its face stated that the rights to timber reverted in 1978 to the grantor, Mrs. Kincaid.  Testimony of Dennison, p. 63, Exhibit "M" and 1973 deed, Exhibit "N"

27.    Mrs. Kincaid had previously died, leaving Dora M. Squatriti as her executrix.    When this deed was located, Matson determined that it contained a mutual mistake, based on the preparer's testimony that no one involved intended the timber rights to revert to grantor, but rather to Fisher & Young.  Testimony of Dennison, p. 67, 70, Quit claim deed, Exhibit "O"

28.    Matson's counsel believed that the easiest method to resolve the mistake in the 1973 was to have Mrs. Kincaid's executor sign a quit claim deed to convey any rights that may have reverted by mistake to Mrs. Kincaid.  Deposition of Dennison, p. 68, 70

29.    Accordingly, after review by her counsel, Mrs. Kincaid signed the quit claim deed. Deposition of Dennison, p. 69

30.    When plaintiff learned of the deed, plaintiff filed against Matson in federal court arguing that Matson had no rights to any timber based on the 1973 deed.  Interestingly, this deed, to the extent that it did not contain a mistake, granted no rights to plaintiff.

31.    This Court dismissed the lawsuit as barred by the doctrine of res judicata and lack of jurisdiction and the appeal is pending in the Third Circuit.  This court held that the plaintiff "who is apparently not satisfied with the result on the first Federal Court case, cannot completely

reformulate his position in the hopes of a better result the second time around. Preventing the expense and vexation of multiple lawsuits over the same dispute is one of the reasons the doctrine of res judicata exists." Opinion of this Court, p. 13, Exhibit "P"

32.    In 2005, Matson filed suit against plaintiff in Warren County at No. 05-579 alleging that plaintiff and others engaged in a course of action known as highgrading, and converted timber owned by Matson on the Clough farm. That case is still pending.

33.    In 2005, Matson filed suit against plaintiff in Warren County at No. 05-604 seeking injunctive relief against plaintiff and his agents for actions by them attempting to disrupt the harvesting by Matson of Matson's timber. That case is still pending.

34.    The within Complaint was filed on January 27, 2004, more than six (6) years after the jury verdict rendered in the federal court action (and more than six years after the alleged acts of negligence).

35.    Plaintiff's allegations in this matter are that:

a) Defendants were negligent in dismissing or allowing to be dismissed the trespass and conversion claims. (Plaintiff's answers to interrogatories, No. 6 (a) 1, 2, 8, 9).

b) Defendants were negligent in failing to establish additional damages in the federal court action. (Plaintiff's answers to interrogatories, No. 6 (a) 5, 14)

c) Defendants were negligent in failing to timely file trespass and conversion claims in state court. (Plaintiff's answers to interrogatories, No. 6 (a) 3, 13)

d) Defendants were negligent in failing to determine the record owner of the timber on the Carlisle property for the relevant time period and argue in the

federal court action that Matson had no rights. (Plaintiff's answers to interrogatories, No. 6 (a) 4, 6, 7, 10, 11, 12)

Exhibit "Q"

36.    Plaintiff claims damages in this matter for Timber wrongfully harvested by Matson in 1993-94, 1994 – 95, timber remaining to be harvested by Matson, cost of repairs to real property caused by Matson's timbering operations and damage to residual trees. (Plaintiff's answers to interrogatories, 6(d)). Exhibit "Q"

37.    All of these damages claimed in this action were part of the original federal court litigation and were submitted to the jury then by plaintiff's expert in the trial, Mr. Hall,    or excluded by ruling of the Court.  Deposition of Hall p. 84

                                   Respectfully submitted,

                                   Weinheimer, Schadel & Haber, P.C.


                           BY _____
                                   David L. Haber, Esquire
                                   Pa. I.D. No. 39574

                                   602 Law & Finance Building
                                   429 Fourth Avenue
                                   Pittsburgh, PA  15219
                                   (412) 765-3399