# This Deed,

FILED AND ENTERED
9:33 o'clock A.M.
JAN 19 1970

Made the Ninth day of January, JAN 19 1970
in the year nineteen hundred and seventy (1970),

Between   FISHER & YOUNG, INC., a Pennsylvania Corporation with principal place of business R. D. 2, Titusville, Oil Creek Township, Crawford County, Pennsylvania, Grantor,

A N D

ALBERT T. CARLISLE, of Ashtabula, Ohio, Grantee,

Witnesseth, That in consideration of ONE HUNDRED THOUSAND ($100,000.00) ---
---------------------------------------------------------------- Dollars,
in hand paid, the receipt whereof is hereby acknowledged, the said grantor   does   hereby grant and convey, sell and confirm unto the said grantee, its   successors xxxx and assigns,
All those certain pieces or parcels of land situate in Spring Creek Township, Warren County and State of Pennsylvania, bounded and described as follows:

1.   BEGINNING at the northeast corner, a hemlock tree; thence south one hundred thirty-six (136) rods to a post; thence by land formerly owned by W. A. Irvine west to the corner of land formerly owned by Francis Bates; thence by land of said Bates one hundred thirty-six (136) rods to a post; thence by land of said W. A. Irvine east to the place of beginning, containing sixty-four (64) Acres one hundred fifty-five (155) rods of land, more or less.

2.   BEGINNING at a post and stones in the northwest corner of the lot hereby conveyed; thence east one hundred sixty-nine (169) rods to a post; thence south one hundred one (101) rods to a post; thence east forty-nine and one-tenth (49.1) rods to a post; thence south one hundred ten and seven-tenths (110.7) rods to a post; thence west one hundred sixty-six (166) rods to a post; thence north sixty-two and seven-tenths (62.7) rods to a post; thence west fifty-three and seven-tenths (53.7) rods to a post; thence north one hundred forty-nine (149) rods to a post and stones, the place of beginning, containing two hundred thirty-seven (237) acres of land, more or less, and being part of Tract Number Three hundred sixty-three (363) as designated on the general map of Warren County.

3.   BEGINNING at the northwest corner of said piece of land at a post, thence in a southerly direction along the Morton Hill Road to the southwest corner of said piece of land; thence north eighty-eight and three-fourths (88-3/4) degrees east one hundred thirty-four and six-tenths (134.6) rods to a hemlock; thence north one and one-fourth (1-1/4) degrees east one hundred thirty-one and four-tenths (131.4) rods to a post; thence south eighty-nine and three-fourths (89-3/4) degrees west one hundred and thirty-four and six-tenths (134.6) rods to a post, the place of beginning; containing about one hundred and five (105) acres, be the same more or less.

4.   ALSO, ALL that certain piece or parcel of land situate in the Township, County and State aforesaid, being the homestead farm formerly of G. W. Nichols and described in the three following several deeds, to-wit; from Frank E. Bates

BOOK 361 PAGE 13



311

BOOK 361 PAGE 14

and wife to C. W. Nichols, bearing date the twenty-first day of March, A.D. 1890, and recorded in said Recorder's Office in Deed Book 68, page 81, as commencing at a post in the south line of said property; thence by lands of Smith south eighty-eight and three-fourths (88-3/4) degrees west fifty-five and five-tenths (55.5) perches to a post; thence by the same north one and one-fourth (1-1/4) degrees west to the state road, supposed to be about one hundred and forty-five (145) rods, more or less; thence eastwardly along the center of said road to the northwest corner of land deeded by Francis Bates to L. L. Bates; and thence south one and one-fourth (1-1/4) degrees east along said L. L. Bates' land to a post, the place of beginning, be the same more or less, supposed to contain about fifty-four or fifty-five acres of land out of Tract Number Three hundred and three (303).

5.   ALSO, One other piece or parcel of land described as being the east half of sixty-three (63) acres of land deeded from George Yeager to Francis Bates on the Fifth day of July, 1850, and recorded in said Recorder's Office on the Third day of July, 1851, off of Tracts Numbers Three hundred and four (304) and Three hundred sixty-three (363).

6.   ALSO, as described in the deed from L. L. Bates and wife to said C. W. Nichols, bearing date the Twenty-first day of February, 1886, as commencing in the center of the State Road and the center of the Morton Hill Road at the junction of those two roads; thence by land of Cordelia Leonard and W. A. Irvine south one and one-fourth (1-1/4) degrees east one hundred eighty-five and one-half (185-1/2) rods to a beech, the southeast corner of the Francis Bates home farm; thence south eighty-eight and three-fourths (88-3/4) degrees west along the south line of said home farm fifty-one (51) rods to a post; thence north one and one-fourth (1-1/4) degrees west to the State Road; and thence eastwardly along the center of said road to the center of said Morton Hill Road, the place of beginning, supposed to contain about fifty-three (53) acres of land, be the same more or less.

7.   On the north by land above described, on the east by land of F. E. Bates, on the south by land formerly of C. W. Nichols, and on the west by land of M. Smith, containing about thirty-one and one-half (31-1/2) acres of land, more or less; and also so much of the land described in the deed from S. D. I. Newbold to the said C. W. Nichols, bearing date the Twenty-second day of March, 1888, and recorded in said Recorder's Office in Deed Book 64, page 136, as lies west of the Morton Hill Road, and adjoining the lands herein above described.

8.   On the south by lands owned by W. A. Irvine's heirs; on the west by the Morton Hill Road and land formerly owned by George Bates; on the north by land formerly owned by Mrs. Elias Wood; and on the east by the station road and land formerly owned by Lewis Stoddard, containing sixty-eight (68) acres and fifty-nine (59) rods of land, be the same more or less, out of Tract Number Three hundred four (304).

9.   On the north by land of Whiteley; on the east by land formerly of Greely; on the south by lands formerly owned by W. A. Irvine; and on the west by lands conveyed to C. W. Nichols by F. J. Jones and wife, and a public road leading to Spring Creek R. R. Station and lands of Stoddard, containing forty-four (44) acres of land, more or less.

10.   On the north by land of Tom Forbes; on the east by land formerly of W. A. Irvine and L. S. Clough; on the south by land formerly of William Morton, now L. S. Clough, containing forty-five (45) acres, more or less.

11.   Part of Tract Three hundred ten (310) as described on the map of Warren County, Pennsylvania, as follows: BEGINNING in the center of the State Road at a point where the same crosses the Tract line between the land formerly of Sarah D. I. Newbold and that of L. Greeley; thence south one (1p

degree forty-five (45) minutes east eighty-eight (88) rods to a post, the southwest corner of Tract Number Three hundred ten (310); thence north eighty-eight (88) degrees forty-five (45) minutes east along the southerly line of Tract Number Three hundred ten (310), eighty-one (81) rods to a post in said Tract line; thence north two (2) degrees west one hundred nine and one-half (109-1/2) rods to a post in the center of the State Road; thence along the center of said road westerly eighty-four and three-tenths (84.3) rods to the place of beginning, containing fifty (50) acres of land, more or less.

12. BEGINNING at a point in the center of the State Road, at the northeast corner of land heretofore conveyed by S. S. Wead, and running thence south two (2) degrees east one hundred twelve and six-tenths (112.6) rods to a post at the southeast corner of the said Wead's land, and in the south line of Tract Number Three hundred ten (310); thence north eighty-eight and three-fourths (88-3/4) degrees east three hundred fifty (350) rods to the western bank of the Big Brokenstraw Creek at low water mark; thence northwesterly along the western bank of the Big Brokenstraw Creek at low water mark to the center of the State Road; thence southwesterly along the center of the said State Road to the place of beginning. The same containing two hundred fourteen (214) acres and one hundred four (104) perches of land, be the same more or less, and being a part of Tract Number Three hundred ten (310). The land herein conveyed to include all the land lying west of the Big Brokenstraw Creek belonging to Mrs. S. D. L. Newbold in Tract Number Three hundred ten (310). Also, all islands in that part of Brokenstraw Creek which lie east of the foregoing described land.

13. BEGINNING at the northwest corner of Tract Number Three hundred thirteen (313); thence extending along the north line of said tract due east ninety-one and nine-tenths (91.9) perches to the corner of land formerly of E. Jackson; thence along the same due south one hundred thirty-five (135) perches to the southwest corner of said Jackson's land; thence due west ninety-four (94) perches to the west line of said tract; thence along said line due north one hundred thirty-five (135) perches to the place of beginning, containing seventy-eight (78) acres and forty-one (41) perches, more or less, being the northwest corner of Tract Number Three hundred thirteen (313). Being land conveyed to S. Clough by Dan A. Geiger and wife by deed dated October 1, 1906 and recorded in Deed Book 105, page 260.

14. On the north by lands formerly of Miles and Watts; on the east by the eastern line of the tract; on the south by the southern line of said tract; on the west by lands formerly of Yeager and Miles and Watts. Being 51 acres 18 perches from the south-east side of Tract Number Three hundred Four (304), and conveyed to L. S. Clough by deed of J. V. Kinyon dated March 30, 1911 and recorded in Deed Book 114, page 397.

15. BEGINNING at the northwest corner of the whole tract Number Three hundred fourteen (314); thence south by the west line of the tract one hundred fifty-nine (159) rods to a post; thence east fifty-three (53) rods and eight (8) links to a post; thence north by the residue of the tract one hundred fifty-nine (159) rods to a post in the north line of the tract; thence west along the north line of the tract fifty-three (53) rods and eight (8) links to the place of beginning. Containing fifty (50) acres of land and allowance.

16. BEGINNING at the northwest corner of the tract conveyed at a post; thence by land formerly of Sager east fifty and seven-tenths (50.7) perches to lands formerly of Jackson; thence by land formerly of Jackson south two hundred one (201) perches to land formerly of Irvine; thence by land formerly of Irvine west fifty and seven-tenths (50.7) perches to a post; thence by lands formerly of Irvine and lands formerly of Yager north two hundred one (201) perches to the place of beginning, containing sixty (60) acres of land, be the same more or less, being part of Warrant Number Three hundred sixty-three (363).

BOOK 361 PAGE 15

SUBJECT to the right of way for an electric line granted unto Pennsylvania Electric Company by Instrument dated October 15, 1957 and entered in the Recorder's Office of Warren County in Deed Book 291, page 460, on January 11, 1958.

313

SUBJECT to the right of way for an electric line granted unto Pennsylvania Electric Company by instrument dated November 29, 1957 and entered in said Recorder's Office in Deed Book 292, page 140 on January 31, 1958.

BOOK 361 PAGE 16

EXCEPTING and RESERVING that portion of the above described premises which was conveyed by Robert M. Kinkead and Marion C. Kinkead, his wife, to Charles A. Williams and Mary Helen Williams, husband and wife, by deed dated June 6, 1958 and entered in said Recorder's Office in Deed Book 294, page 475.

BEING the same parcels of land which Marion C. Kinkead, widow, by deed dated March 27, 1969, recorded in the Recorder's Office of Warren County in Deed Book 357, Page 349, conveyed to Fisher & Young, Inc., Grantor herein.

EXCEPTING and RESERVING from and out of this conveyance, all of the timber and trees, standing and fallen, situate on the premises above described, with full right of ingress, egress and regress for purposes of cutting, skidding, piling and removing the same, constructing roadways and skidways, and piling yards for such purposes, being subject to other terms relative thereto herein set forth below, SUBJECT, however, to right of Buyer to use for its own purposes all trees fallen for more than one year and all tree tops remaining after logging operations.

TOGETHER with such rights and subject to such conditions and terms as contained in agreement between the parties hereto dated May 28, 1969, incorporated herewith by reference and made a part hereof.

This deed of conveyance was executed, acknowledged and delivered pursuant to the authority of the Grantor by Resolution of its Board of Directors duly adopted at a special meeting held on November 3, 1969, after due and proper notice thereof in accordance with the By-laws of said corporation.

---

State of _____
County of _____ } SS:

On this, the ____ day of _____ 19__, before me the undersigned officer, personally appeared _____

known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument, and acknowledged that he executed the same for the purpose therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and seal.

_____
My Commission Expires

State of PENNSYLVANIA
County of CRAWFORD } SS:

On this, the 9th day of January, 1970, before me, a notary Public, the undersigned officer, personally appeared Philip H. Cochran, who acknowledged himself to be the President of Fisher & Young, Inc., a corporation, and that he as such President, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the corporation by himself as President.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

Dorothy S. Cole
My Commission Expires
DOROTHY S. COLE, Notary Public
Titusville, Crawford Co., Penna.
My Comm. Expires April 14, 1973

And the said grantor will General Warrant and Forever Defend the property hereby conveyed. caused this instrument to be executed by its duly authorized officers and its corporate seal In Witness whereof, said grantor has affixed hereto, the day and year first above written.

FISHER & YOUNG, INC.

By: _____ [SEAL]
President

_____ [SEAL]
_____ [SEAL]
_____ [SEAL]
_____ [SEAL]
_____ [SEAL]

### Certificate of Residence

We I hereby certify, that the precise residence of the grantee herein is as follows: c/o Warren Young, Attys, Temple S+L Bld. —Ashtabula, Ohio. 4 Woo.

JACK, KOOKOGEY & FORSSELL

By: _____
Attorney & Cashier of Grantee

Commonwealth of
County
On this
the unde

known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument, and acknowledged that executed the same for the purpose therein contained.
IN WITNESS WHEREOF, I have hereunto set my hand and seal.

My Commission Expires _____

Commonwealth of Pennsylvania
County
On this
the unde

known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument, and acknowledged that executed the same for the purpose therein contained.
IN WITNESS WHEREOF, I have hereunto set my hand and seal.

BOOK 361 PAGE 17   My Commission Expires