COURT OF COMMON PLEAS OF WARRANTY COUNTY,
PENNSYLVANIA

ALBERT T. CARLISLE                          CIVIL ACTION - LAW

          Plaintiff,                    Number 353 - 1998 C.D.

    vs.                                    Type of Case:  Civil Division

MATSON LUMBER COMPANY and                   Type of Pleading:  Amended
MATSON HARDWOODS, INC.                      Complaint

          Defendants.
                                Filed on behalf of:  Plaintiff,
                                Albert T. Carlisle


                                Counsel of Record for this Party:

                                Elizabeth Ziegler (PA No. 80573)
                                Law Offices of Henry Borger
                                301 Market Street
                                Warren, Pennsylvania  16365
                                (814) 723-5030

                                Faith Strawley (PA No: 69050)
                                Peter J. Krembs (OH No: 0024871)
                                HERMANN, CAHN & SCHNEIDER
                                1301 East Ninth Street, Suite 500
                                Cleveland, Ohio  44114
                                (216) 781-5515



IN THE COURT OF COMMON PLEAS
WARREN COUNTY, PENNSYLVANIA

ALBERT T. CARLISLE    ) CASE NO. 353-1998 C.D.
            )
    Plaintiff,   )
            )
 -v-         )
            )
MATSON LUMBER COMPANY  ) **AMENDED COMPLAINT**[1]
            )
  and   .   )
            )
MATSON HARDWOODS, INC.  )
            )
            )
    Defendants.  )

NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

    PENNSYLVANIA LAWYER REFERRAL SERVICES
    Pennsylvania Bar Association
    100 South Street
    Harrisburg, PA 17108    Phone (800) 692-7375

    NORTHWESTERN LEGAL SERVICES
    Warren, Pennsylvania 16365   Phone (814) 726-2530

---

[1]

Paragraphs marked with an asterisk (*) are amendments to the original Complaint.

Now comes Plaintiff, Albert T. Carlisle, by and through counsel, and for his Amended Complaint, states as follows:

I.    INTRODUCTION

1.    Plaintiff Albert T. Carlisle is an individual residing in Ashtabula, Ohio.

2.    Defendant Matson Lumber Company ("Matson Lumber") is a corporation organized and existing pursuant to the laws of the Commonwealth of Pennsylvania. Its principal place of business is in Brookville, Pennsylvania.

3.    Defendant Matson Hardwoods, Inc. ("Matson Hardwoods") is a corporation under the laws of the Commonwealth of Pennsylvania. Its principal place of business is located in Brookville, Pennsylvania. Hereinafter Defendants may be referred to collectively as "Matson".

4.    Matson is the successor in interest to Fisher and Young, Inc. with respect to an Agreement of Sale upon which this action is, in part, based.

5.    Plaintiff Albert Carlisle owns a parcel of land consisting of approximately 1,239.6 acres located in Spring Creek Township, Warren County, Pennsylvania. This property is known as the "Clough Farm". Carlisle owns this property in fee simple, subject only to certain limited timber rights held by Matson.

6.    The Clough Farm is centrally located between Pittsburgh, Cleveland and Buffalo and is within a few miles of 8200 acres of state game land. The landscape and natural

resources of the Clough Farm include two class A trout streams, Spring Creek and Brokenstraw Creek. Carlisle purchased the subject property from Fisher and Young, Inc., a Pennsylvania corporation, now dissolved, by written agreement of sale dated May 28, 1969. A copy of the Agreement of Sale is attached hereto as Exhibit A.

7. The sale was recorded by a general warranty deed dated January 9, 1970. A copy of this deed is attached hereto as Exhibit B.

8. The deed and Agreement of Sale were filed on January 19, 1970 at Warren County Deed Book 361, Page 13 and January 20, 1970 at Warren County Deed Book 361, Page 32, respectively.

9. The Agreement of Sale conveys to Carlisle all of the land and premises described therein except that it reserves in Fisher and Young, Inc., "all of the timber and trees, standing and fallen, situate on the premises above described," subject to certain additional limiting provisions, as set forth throughout the Agreement of Sale.

10. Paragraph 6 of the Agreement of Sale provides as follows:

> ... Seller shall confine the cutting of saw timber to those trees which measure 16" or more in diameter at 1 ft. Above the ground and shall confine its logging operations to the season from November 1 to March 31 each year. However, smaller trees may be removed, as in thinning, or in pest or fire control, whenever or wherever good forestry practice so dictates.

11.   On or about May 4, 1973, American Hardwood Industries, Inc. purchased the assets of Fisher and Young, Inc., including its timber rights at the Clough Farm.  This transaction created an entity known as Fisher and Young Hardwoods, Inc. which thereafter owned the timber rights.

12.   On or about December 18, 1986, Matson Hardwoods acquired Fisher and Young Hardwoods, Inc. and the timber rights, by merger.   Thereafter, Matson Hardwoods undertook timber harvesting operations on the Clough Farm pursuant to the terms of the Agreement of Sale.

13.   On December 30, 1994, effective January 1, 1995, Matson Hardwoods merged into Matson Lumber.   Pursuant to the Articles of Merger, all assets of Matson Hardwoods, Inc. became the assets of Matson Lumber Company.

14.   As a result of the transactions set forth above, Matson is the successor in interest of Fisher and Young, Inc. with respect to the May 28, 1969 Agreement of Sale and January 9, 1970 deed.   Matson is thereby bound in the same manner as was Fisher and Young, Inc.

15.   On December 18, 1997, in an action captioned Albert T. Carlisle v. Matson Lumber Company, et al., being Case No. 95-0376 in the United States District Court for the Western District of Pennsylvania, a declaratory judgment was rendered in favor of Albert T. Carlisle on, inter alia, the following issue:

> "The jury finds the parties intended to grant seller [Matson] the right to harvest only the timber that then existed on the property in 1969."

The transcript of the jury's verdict is attached hereto as Exhibit "C."

16.    On June 24, 1998, Plaintiff caused a Writ of Summons to be filed with the Prothonotary's office in the Court of Common Pleas of Warren County, Pennsylvania as to each defendant. On November 2, 1998, the Court of Common Pleas of Warren County reissued the Writ of Summons.

## COUNT ONE

### (Trespass)

17.    Plaintiff incorporates Paragraphs 1 through 16 as though fully rewritten herein.

18.    After acquiring the timber rights from Fisher and Young Hardwoods, Inc. on or about December 18, 1986, Matson Hardwoods began logging operations on the Clough Farm. None of Matson Hardwoods' predecessors under the Agreement of Sale had ever conducted any logging operations on the farm.

*19.    The aforesaid logging operations first took place during the time period of December 18, 1986 through March 31, 1987.    Thereafter, said logging operations took place annually beginning on or about November 1 and ending on or about March 31st of the following year.

*20.    Matson    has    conducted    its    timber    harvesting operations on the Clough Farm in a manner that is, at a minimum, negligent, careless, reckless and inconsistent with prudent practice in the forestry industry.

21. Matson's practices have caused unnecessary damage to Carlisle's property including but not limited to damage to the Clough Farm streams, wetlands and adjoining landscape.

*22. By way of illustration, and not limitation, of Matson's tortious conduct, Matson caused extensive topsoil to wash into Spring Creek, has placed skid trails in and through the Clough Farm streams and has violated state regulations regarding stream crossing, wetland encroachment and erosion control. These practices impair the recreational value of the Clough Farm, and consequently its potential for economic development, because they threaten to extinguish the fragile trout population residing in the streams and otherwise diminish the aesthetic value of the property. Further, Matson has damaged standing trees in the process of removing cut trees from the property and, in addition, Matson has conducted the harvest so negligently so as to destroy much of the regenerative characteristics of the forest. As a result of its negligent, careless and reckless and forestry practices, including those identified herein, Matson has received citations and fines from the Pennsylvania Fish and Boat Commission.

23. Further, Matson's negligence has directly and proximately caused damage to many of the remaining trees on the subject property.

24. As a direct and proximate result of Matson's trespasses set forth herein, Carlisle has suffered and continues to suffer monetary damages and other damages for which he is

entitled to compensation.    In addition, Matson's negligence has severely and permanently impaired the commercial value of Clough Farm, both as a perpetual source of timber and as a recreational facility.

*25.  In the alternative, Matson's conduct complained of was outrageous, intentional, willful, reckless, careless, grossly negligent and beyond the bounds of reasonable and acceptable conduct because, although Matson knew or should have known that its harvesting operations on the Clough Farm were inconsistent with prudent practice in the forestry industry and were causing the aforesaid damages, Matson continued to conduct said operations, and Carlisle is therefore entitled to receive an award of punitive damages.

*WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, jointly and severally, in an amount in excess of $10,000, along with punitive damages, delay damages, interest, costs and all other relief that this Court deems just.


## COUNT TWO
(Breach of Contract)

26.  Plaintiff incorporates Paragraphs 1 through 25 as though fully rewritten herein.

27.  The Agreement of Sale between the parties specifies that seller accepts and reserves from the property:

> All of the timber and trees, standing and fallen, situate on the premises above-described, with full right of ingress, egress and regress for purposes of cutting, skidding, piling and removing the

same, constructing roadways and skidways, and piling yards for such purposes . . .

*28. Pursuant to the declaratory judgment of the United States District Court for the Western District of Pennsylvania, set forth above, the above language limits Defendants' timber rights to only those trees which were in existence at the time of the execution of the Agreement of Sale, to-wit: May 28, 1969. Paragraph 6 of the Agreement of Sale, quoted above, further limits Defendants' timber rights to only those trees which were 16" diameter or greater in diameter and at one foot above the ground on the date of sale.

29. Notwithstanding the above provision of the Agreement of Sale, Matson, beginning in 1986, has harvested trees outside the scope of the reservation of timber rights, i.e. trees which have come into existence since 1969 and so were not subject to the exception and reservation set forth above.

*30. The aforesaid harvesting operations first took place during the time period of December 18, 1986 through March 31, 1987. Thereafter, said harvesting operations took place annually beginning on or about November 1 and ending on or about March 31st of the following year.

*31. The damages suffered by Plaintiff, as described above, were the direct and proximate result of Matson's breach of the Agreement of Sale, as aforesaid.

*WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of

$10,000, along with delay damages, interest, costs and all other relief that this Court deems just.

## COUNT THREE
### (Indemnity)

32.    Plaintiff incorporates Paragraphs 1 through 31 as though fully set forth herein.

33.    Paragraph 11 of the Agreement of Sale provides that the parties agreed as follows:

> That the seller [Matson] shall indemnify the buyer [Carlisle] and hold it harmless from any loss, claim or cause of action arising out of the seller's logging operation and timber management; and/or from the acts of its agents, employees or contractors; and the seller shall maintain $100,000-$300,000 liability insurance against personal injury and $50,000 property damage as security for protection against <u>claims of buyer or third parties arising out of the said operations and management</u>.

34.    By virtue of the above provision, Matson, as successor in interest to Fisher and Young, Inc. is bound to indemnify Carlisle for all damages caused by the acts of its employees, agent and contractors on the Clough Farm property.

*WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of $10,000, along with delay damages, interest, costs and all other relief that this Court deems just.

## COUNT FOUR
(Conversion)

*35. Plaintiff incorporates Paragraphs 1 through 34 as though fully set forth herein.

*36. By harvesting and removing timber in breach of the parties' Agreement of Sale or otherwise outside the scope of its rights under that agreement, as set forth above, Matson wrongfully converted such timber to its own use and benefit in violation of Carlisle's ownership and property rights therein.

*37. The aforesaid conversions of timber first took place during the time period of December 18, 1986 through March 31, 1987. Thereafter, said conversions of timber took place annually beginning on or about November 1 and ending on or about March 31st of the following year.

*38. As a direct and proximate result of Matson's wrongful conversion, Carlisle has suffered monetary damages in an amount equal to the value of the timber wrongfully converted, for which he is entitled to receive compensation herein.

*39. Matson's conduct complained of herein was intentional, willful, reckless, careless, grossly negligent and beyond the bounds of reasonable and acceptable conduct. In the alternative, Matson's conduct was, at a minimum, negligent. Carlisle is therefore entitled to receive an award of damages pursuant to 42 Pa.C.S. Section 8311.

*WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of

$10,000, along with damages pursuant to Section 8311, delay damages, interest, costs and all other relief that this Court deems just.

Respectfully submitted,

_____
Elizabeth Ziegler (80573)
Law Offices of Henry Borger
301 Market Street
Warren, Pennsylvania 16365
(814) 723-5030


_____
Faith Strawley (PA Id. No.: 69050)
Peter J. Krembs (OH Id. No.:0024871)
HERMANN, CAHN & SCHNEIDER
1301 East Ninth Street, Suite 500
Cleveland, Ohio 44114
(216) 781-5515


Attorneys for Plaintiff
Albert T. Carlisle

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signor. Signor verifies that he has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. R.C.P. §4904 relating to unsworn falsification to authorities.

_____
Albert T. Carlisle

Dated:  January __6__ , 1999