MAY 18 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALBERT T. CARLISLE      )
    Plaintiff,       )
                        )
   v.                   )   Civil Action No. 04-284(Erie)
                        )
MATSON LUMBER COMPANY and )
MATSON HARDWOODS, INC.  )
    Defendants.      )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                    May 9, 2005

     This is an action to quiet title. Plaintiff, Albert T. Carlisle, alleges that defendants, Matson Lumber Company and Matson Hardwoods, Inc. have asserted an interest adverse to his in certain property located in Warren County, Pennsylvania, commonly referred to as the Clough Farm. Plaintiff alleges that this asserted interest, and in particular defendants' recording of a quit claim deed on May 22, 2003, places a cloud on his title to the land. The May 2003 quit claim deed states that defendants own all timber located on the property. Plaintiff claims in this case that he is the owner of the timber on Clough Farm. These parties have been involved in litigation for nearly ten years regarding the timber rights to this property. In a prior case before this court, a jury found that defendants owned all the timber located on the property when it was sold to plaintiff on



May 28, 1969. There is no dispute that plaintiff owns the land itself.

Plaintiff seeks orders from this court: (1) stating that he owns the subject property in fee simple absolute and that defendants have no right to or interest in the property; (2) enjoining defendants from asserting any adverse claim to plaintiff's title to the property; (3) and declaring that the May 22, 2003 quit claim deed is null and void.

Both parties have filed motions for summary judgment. Defendants argue that the court should enter summary judgment in their favor because plaintiff's claims are barred by the doctrine of res judicata. [Doc. No. 5]. Plaintiff claims that we should grant his motion for summary judgment because defendants have not filed a responsive pleading to the complaint. [Doc. No. 10].

For the reasons set forth below, plaintiff's motion will be denied. Defendants' motion will be granted in part, and denied in part. As a result of these rulings, this court's subject matter jurisdiction over the remainder of this case is drawn into question. Therefore, the court directs the parties to present evidence as to the amount in controversy on plaintiff's remaining claims for relief in accordance with the below rulings and attached order.

2

I.  BACKGROUND

This case involves a long-standing dispute over ownership of the timber rights to a 1,239 acre parcel of land in Warren County, Pennsylvania, commonly referred to as the Clough Farm. The land and the timber rights were at one time owned by Marion Kinkead. After that, the timber rights were held and transferred separate and apart from the land rights. In 1968 Ms. Kinkead sold the land to Fisher & Young, Inc., the predecessor in interest to defendants Matson Lumber Company and Matson Hardwoods, Inc. She later sold the timber rights to Fisher & Young. In 1969, Fisher & Young sold the land to plaintiff. Plaintiff did not purchase the timber rights.

There is some confusion as to when, and under what conditions, Ms. Kinkead transferred the timber rights to Fisher & Young.[1] In an unrecorded April 1, 1968 Article of Agreement, Ms. Kinkead sold the timber rights to Fisher & Young and stated that those rights would revert to the owner of the land as of

---

[1] As will be discussed below, contrary to plaintiff's assertions, the exact date and circumstances of the transfer of the timber rights is not relevant to this case because plaintiff's rights in the timber have already been determined by this court. Therefore, although the exact date of the transfer of the timber rights, and whether plaintiff was on notice of that transfer in his chain of title, could be relevant in an initial proceeding to establish rights to the timber, we will not be entertaining any such arguments in this case -- we have already issued a judgment on that exact issue in the first federal case.

3

April 1, 1978. In an April 20, 1973 timber deed, which was recorded, Ms. Kinkead transferred the timber rights to Fisher & Young and stated that those rights would automatically vest in her, or her heirs, as of April 1, 1978. Although this 1973 deed conflicts with the 1968 Article of Agreement, the deed specifically states that it is in fulfillment of the 1968 Agreement.

Then on May 6, 2003, Dora M. Squatriti, individually and as executrix under the last will and testament of Marion Kinkead issued a quit claim deed to Matson Lumber Company for all of the timber and trees standing and fallen on the Clough Farm, presumably on the basis that the timber rights had vested in Ms. Kinkead, and then Ms. Squatriti as her heir, on April 1, 1978, under either the 1968 Article of Agreement or the 1973 timber deed. Plaintiff claims that Matson's recording of that quit claim deed places a cloud on his title.

Plaintiff claims in this case that he is the sole owner of the timber on the Clough Farm. Plaintiff contends that defendants' "timber rights to the Clough Farm had terminated by operation of law" sometime before they started their timbering activities in the late 1980's, and that all of defendants' timber harvesting operations were undertaken as a trespasser. Complaint

4

at ¶ 19. Plaintiff argues in this case that he is either a bona fide purchaser, without notice of the unrecorded 1968 Article of Agreement, and therefore, obtained the timber rights when he bought the land in 1969, or that he now owns the timber rights that were to vest in Ms. Kinkead, or her heirs, under the 1973 timber deed, because Ms. Kinkead, and her estate, failed to assert any interest in the timber between 1978 and 2003.

In this case, plaintiff asks this court to determine all adverse claims to the real or personal property at issue in the case, to issue an order that defendants have no right, title or interest in the property "or any part thereof" and to enjoin defendants from asserting any adverse claim to plaintiff's title to said property. Complaint at ¶¶ 26.2, 26.3, and 26.4. Plaintiff also seeks an order declaring that Matson Lumber Company is barred from asserting any right, lien, title or interest in the property on the basis of the May 22, 2003 quit claim deed and cancelling the May 22, 2003 quit claim deed.

However, there is more to this case than just this case. This is not the first time these parties have appeared before this court claiming adverse interests in the Clough Farm timber. In 1997 we presided over a jury trial between these exact same parties regarding a dispute over who owned the timber rights to

the exact same property at issue in this case. Carlisle v. Matson, 95-376 (W.D. Pa.). The jury determined that defendants had the right to harvest all timber that was located on the property when plaintiff bought it from defendants in May of 1969. Defendants appealed that verdict to the Court of Appeals for the Third Circuit, which sustained the jury's determination.

Plaintiff also sued defendants in state court regarding ownership of these same timber rights. Carlisle v. Matson, 1998-353 (Ct. Com. Pl., Warren County). There has been no final judgment in that case. However, the court has granted defendants' motion for partial summary judgment on res judicata grounds. In particular, that court has ruled that plaintiff could not argue in the state case that defendants only had the right to harvest trees that were of a certain diameter as of 1969 because plaintiff made contrary arguments in the federal case, and never advanced such an argument, even in the alternative, during the prior federal case. In addition, the state court has found that any claims being asserted by plaintiff that arose before the close of evidence in the federal case "could have been advanced in the federal district court" and to the extent they were not, are now barred by res judicata.

II.    STANDARD OF REVIEW

Both parties have filed motions for summary judgment. Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth

of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 248-49. Under these standards, the non-moving party must do more than show there is "some metaphysical doubt" as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The non-moving party has the burden of producing evidence to establish each element of her claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The non-movant must show more than "[t]he mere existence of a scintilla of evidence" for elements on which she bears the burden of production. Anderson, 477 U.S. at 252. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec., 475 U.S. at 587 (citations omitted).

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law because no reasonable jury could return a verdict in her favor.

III. <u>DISCUSSION</u>

    A. <u>Defendants' Motion for Summary Judgment</u>

Defendants have moved for summary judgment on the ground that plaintiff's claims are barred by the doctrine of <u>res judicata</u>. According to defendants, plaintiff cannot assert his claims in this case because he has already litigated the timber rights to this parcel of property in the prior federal court case. Plaintiff claims that this case is different from the previous federal court case, and therefore, is not barred by <u>res judicata</u>.

The court finds that plaintiff is correct, to some extent. To the extent that his current complaint seeks the interpretation and cancellation of the May 22, 2003 quit claim deed, his claims are not barred by the doctrine of <u>res judicata</u>. That deed did not exist until May of 2003, years after the prior federal case was closed. Plaintiff could not have brought claims to cancel, or interpret, that document in the previous federal case. However, to the extent plaintiff seeks a determination as to who owns the Clough Farm timber rights, his claims are barred by the doctrine of <u>res judicata</u>. The ownership of the timber on the Clough Farm was the exact issue addressed in the previous federal court case. The jury in that case determined that defendants own all trees that existed on the land at the time plaintiff bought

it in May of 1969. As a result of that ruling, by implication, plaintiff owns all trees that sprouted on that land after May of 1969.

1. Res Judicata - General Principles

Where there has been a final decision on the merits, the doctrine of res judicata, or claim preclusion, bars parties from relitigating issues that were or could have been raised in the prior action. Federated Dep't. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). In order for res judicata to apply, it is necessary that: 1) there be a final judgment on the merits; 2) the party against whom the bar is asserted is the same; and 3) the subsequent suit is based on the same cause of action. United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984). Where these elements are present, plaintiff is precluded from relitigating not only those claims which were, in fact, previously brought, but also those that could have been brought. Avins v. Moll, 610 F. Supp. 308, 324-25 (E.D. Pa. 1984), aff'd, 774 F.2d. 1150 (3d Cir. 1985). The purpose of this doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications. Montana v. United States, 440 U.S. 147, 153-54 (1979).

### 2. <u>Res Judicata - Ownership of Clough Farm Timber</u>

In this case all three elements are established as to part of plaintiff's case. It cannot be reasonably disputed that there was a final judgment in the first federal case and that all of the parties are the same. In addition, a careful review of the pleadings and contentions of the parties convinces us that some of the issues presented in both cases are the same, <u>i.e.</u>, who owns the timber on Clough Farm.

While plaintiff claims that the first federal case merely sought an interpretation of a contract between him and defendants, that description does not tell the whole story. In his prior federal complaint, filed in 1995, plaintiff claimed that defendants' timber harvesting operations, which commenced in 1988, were violating the terms of the parties' agreement because defendants were cutting smaller trees than they were allowed under the agreement, building roads without notice, cutting in months that were to be "no-cut" months, and cutting outside the "no-cut" zone. Plaintiff claimed that defendants' abuse of their timber rights was causing damage to plaintiff's land. Plaintiff also claimed that defendants had transferred the timber rights to related entities in violation of plaintiff's right of first refusal to purchase the timber rights. Therefore, the first federal case was about plaintiff's attempts to limit defendants'

11

timbering activities, if not eliminate them, and obtain damages for the harm that the operations were doing to plaintiff's land.

In the first federal case, plaintiff admitted that defendants had certain timber rights to the Clough Farm,[2] but sought redress for damages allegedly being caused because defendants were acting outside of those rights. In this case, plaintiff now attempts to argue that he is, and since either 1969 or 1978 always has been, the sole owner of the timber on the Clough Farm and that all of defendants' timber operations, which commenced in 1988 (years before the first federal case was filed), were in violation of plaintiff's exclusive ownership rights.

Although plaintiff bases his arguments regarding exclusive ownership in this case on the unrecorded 1968 Article of Agreement and the recorded 1973 timber deed, these are not newly discovered documents; they were available to plaintiff at the time of the prior federal court case and could have been asserted then. While we recognize that it is unclear whether plaintiff

---

[2] By way of example, plaintiff's counsel in the first federal case stated in opening statements that "So, when Mr. Carlisle bought the property, he understood and accepted the fact that the timber company was keeping trees for itself and he expected there would come a day when they would come in, and cut down these trees, and sell the logs and carry on their business." In addition, plaintiff himself testified at the trial that he understood that defendants would continue cutting down trees on the land that they owned in 1969.

12

had actual notice of the unrecorded 1968 document during the first federal case, he, at least, had inquiry notice of it because it is explicitly referenced in the recorded 1973 timber deed. Plaintiff had actual knowledge of that 1973 timber deed because it was recorded in the chain of title.

When plaintiff sued defendants in 1995, alleging that their timbering activities were harming his land, plaintiff would reasonably be expected to examine the chain of title and bring forth any and all possible arguments he might have in order to curtail defendants' harmful timbering activities, including especially, removing defendants from his land entirely by claiming superior title and total ownership in the timber itself. Plaintiff not only failed to make this argument, even in the alternative, he admitted repeatedly that defendants had rights to the timber on the land. As evidence of plaintiff's sincere belief of that fact, plaintiff even faulted defendants in the first federal case for depriving him of the right of first refusal to buy the timber rights from defendants. Plaintiff, who is apparently not satisfied with the result of the first federal case, cannot completely reformulate his position in the hopes of a better result the second time around. Preventing the expense and vexation of multiple lawsuits over the same dispute is one of the reasons the doctrine of <u>res judicata</u> exists.

Furthermore, plaintiff is incorrect when he claims that these cases are different because this case is about the May 22, 2003 quit claim deed. Construction and cancellation of that deed is not the only relief sought in this case. Plaintiff also seeks an order stating that he owns all of the timber on the property, regardless of whether it existed before or after he bought the land in 1969, in direct conflict with the judgment issued in the first federal case. The risk of inconsistent judgments is another reason that the doctrine of res judicata exists.

Therefore, that portion of plaintiff's complaint seeking a ruling that plaintiff owns the timber on Clough Farm outright is a subsequent suit based on the same cause of action and is therefore barred by the doctrine of res judicata.

### 3. Res Judicata - Quit Claim Deed

Although we have ruled that plaintiff's newly asserted claims that he owns all timber on the land outright are barred by the doctrine of res judicata, that does not end the analysis. Plaintiff also seeks an interpretation of the May 22, 2003 quit claim deed and the cancellation thereof. Those claims for relief are not barred by the doctrine of res judicata. The quit claim deed did not exist while the previous federal case was pending. Although the 1968 Article of Agreement and the 1973 timber deed

14

did exist at the time of the first federal case, there was no way for plaintiff to predict, or reasonably expect, that Dora Squatriti would make a future transfer of the timber rights to defendants based on those documents, when neither she, nor her mother, had made any claim under those documents for more than fifteen years. Under the circumstances, plaintiff cannot be penalized for not bringing claims based on the May 22, 2003 quit claim deed in the prior federal case. Therefore, defendants' motion for summary judgment on these claims for relief is denied.

  B.  <u>Amount in Controversy</u>

As a result of the above rulings, the only claims remaining in this case are those based on the May 22, 2003 quit claim deed, and the cloud that the deed may place on plaintiff's title. As set forth above, as a result of the judgment in the first federal case, plaintiff owns only the title to trees that sprouted on the subject property after he purchased the land in May of 1969. Plaintiff holds title to the land itself separate and apart from his title to the timber on the land. As detailed above, title to the land and title to the timber have been held and transferred separately for decades. Therefore, the timber deed recorded on May 22, 2003, has no effect on plaintiff's title to the land. Given the new, and limited, scope of the case, we must re-

evaluate our ability to exercise subject matter jurisdiction. The issue of jurisdiction is always open for determination by a federal court, and the court may raise the issue of jurisdiction on its own. In re Orthopedic "Bone Screw" Products Liability Litigation, 132 F.3d 152, 155 (3d Cir. 1997) (citing Underwood v. Maloney, 256 F.2d 334 (3d Cir. 1958)); see also, Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

When the parties are citizens of different states, a federal court will exercise jurisdiction over a case if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The party asserting jurisdiction bears the burden of showing that the case is properly before the federal court. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). It is well-settled that in an action for injunctive or declaratory relief "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977); see also, Corestates Trust Fee Litigation v. Corestates Bank, N.A., 39 F.3d 61, 65 (3d Cir. 1994) (citation omitted) ("the measure of jurisdiction is the value of the right sought to be protected by injunctive relief").

16

In this case, the remaining claim is essentially for removal of the cloud that the May 22, 2003 quit claim deed places on plaintiff's timber rights. As a result of the first federal case, plaintiff's timber rights are limited to those trees that sprouted on the property after 1969. Based on the record before us, we have no information regarding the value of plaintiff's timber rights. Therefore, we cannot conduct a proper analysis of the jurisdictional amount in controversy without further evidence from the parties.

C. Plaintiff's Motion for Summary Judgment

Plaintiff has moved for summary judgment on the ground that defendants have filed no responsive pleading to plaintiff's complaint. As an initial matter, the correct procedural device under these circumstances would be to seek entry of default. Fed. R. Civ. P. 55. As such, on that procedural basis alone, plaintiff's motion for summary judgment will be denied.

However, as a matter of substance, upon reading plaintiff's brief and his responsive concise statement, it is apparent that the actual ground for plaintiff's summary judgment motion is his argument that he owns the timber outright based on the 1968 Article of Agreement and/or the 1973 timber deed. As a procedural matter, plaintiff has not properly raised this issue

in his summary judgment motion. Regardless, as a matter of substance, we have already rejected this argument in ruling on defendants' motion for summary judgment. Plaintiff's claims that he is the rightful and exclusive owner of the timber on the Clough Farm are contrary to the judgment in the prior federal case. Under the doctrine of res judicata plaintiff's claims in this regard are barred.

IV.   CONCLUSION

Plaintiff's motion for summary judgment is denied. Defendants' motion for summary judgment is granted in part, and denied in part. Given our ruling on defendants' motion, we must re-examine the subject matter jurisdiction of this court over the remaining controversy. As such, the parties shall present evidence as to the value of all timber added to, or sprouted on, the property after May 1969 in accordance with the attached order. The appropriate order follows.