denied by 518 Pa. 644, 542 A.2d 1372 (1988), appeal denied by 518 Pa. 645, 542 A.2d 1373 (1988).

14. Where the right of way granted by the lessor's predecessor to the natural gas company was not recorded pursuant to Pa. Stat. Ann. tit. 21, § 351, but the lessor and lessee did not dispute the validity of the right of way, the appellate court assumed the validity of the right of way. Amerikohl Mining Co. v. Peoples Natural Gas Co., 2004 PA Super 388, 860 A.2d 547, 2004 Pa. Super. LEXIS 3391 (Pa. Super. Ct. 2004), appeal denied by 876 A.2d 392, 2005 Pa. LEXIS 1091 (Pa. 2005).

15. Landowner's application to subdivide his property was improperly denied where the denial was based upon a deed restriction preventing further subdivision of the land, but the document containing that restriction was not filed until after the landowner had purchased the property and his subdivision application was denied; under 21 P.S. § 351 and 21 P.S. § 444, the fact that the document containing the restriction on further subdivision of the property was not recorded prior to the landowner's purchase of the property prevented the restriction from being enforced against him. Walsh v. E. Pikeland Twp., 829 A.2d 1219, 2003 Pa. Commw. LEXIS 542 (Pa. Commw. Ct. 2003), appeal denied by 578 Pa. 703, 852 A.2d 314, 2004 Pa. LEXIS 1043 (2004).

16. 21 P.S. § 351 provided that in determining the priority of competing liens, an unfiled mortgage would have priority over subsequent recorded interests if the lien holders were chargeable with knowledge of the prior unfiled mortgage. In re 250 Bell Road, 479 Pa. 222, 388 A.2d 297, 1978 Pa. LEXIS 718 (1978).

17. In parcel owners' quiet title action to confirm their title where their predecessor's title had been acquired by a "lost" unrecorded deed, the competing title holder's deed for the larger tract recorded prior to the parcel owners' deed did not entitle them to the protections of the Recording Act, 21 P.S. § 351, because their deed excepted five prior parcel transfers and only four were recorded, which corroborated other trial evidence that the fifth parcel was the subject of the parcel owners' "lost" deed. Graham v. Lyons, 377 Pa. Super. 4, 546 A.2d 1129, 1988 Pa. Super. LEXIS 2137 (1988), appeal denied by 522 Pa. 576, 559 A.2d 38 (1989).

18. Township erred in denying the property owner's request for subdivision approval because the deed restriction the township sought to enforce was never recorded, and actual or constructive notice of the restriction was required. Wolter v. Bd. of Supervisors, 828 A.2d 1160, 2003 Pa. Commw. LEXIS 454 (Pa. Commw. Ct. 2003), appeal denied by 577 Pa. 683, 843 A.2d 1240, 2004 Pa. LEXIS 142 (2004).

19. Where a tax sale deed to real property was not recorded prior to delinquent taxpayer's filing for bankruptcy, tax sale purchaser had not perfected his interest under 21 P.S. § 351, and purchaser's interest was therefore not superior to delinquent taxpayer's interest. Haggerty v. Erie County Tax Claim Bureau, 107 Pa. Commw. 265, 528 A.2d 681, 1987 Pa. Commw. LEXIS 2274 (1987), appeal denied by 518 Pa. 644, 542 A.2d 1372 (1988), appeal denied by 518 Pa. 645, 542 A.2d 1373 (1988).

TREATISES AND ANALYTICAL MATERIALS

1. 1 P.L.E. COMMERCIAL TRANSACTIONS § 67, Pennsylvania Law Encyclopedia, COMMERCIAL TRANSACTIONS, § 67 Recording, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

2. 1 P.L.E. COVENANTS § 31, Pennsylvania Law Encyclopedia, COVENANTS, § 31 In General, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

3. 1 P.L.E. EXECUTION § 145, Pennsylvania Law Encyclopedia, EXECUTION, § 145 Notice to Purchasers, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

4. 1 P.L.E. MINING, OIL AND GAS § 90, Pennsylvania Law Encyclopedia, MINING, OIL AND GAS, § 90 Rights and Liabilities as to Third Persons, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

5. 1 P.L.E. PARTNERSHIPS § 54, Pennsylvania Law Encyclopedia, PARTNERSHIPS, § 54 Partnership Real Estate, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

6. 1 P.L.E. PROPERTY § 288, Pennsylvania Law Encyclopedia, PROPERTY, § 288 Recording and Registration, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

7. 1 P.L.E. SALES OF REALTY § 135, Pennsylvania Law Encyclopedia, SALES OF REALTY, § 135 Third Persons' Rights in General, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

8. 1 P.L.E. SALES OF REALTY § 141, Pennsylvania Law Encyclopedia, SALES OF REALTY, § 141 In General, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

9. 1 P.L.E. SALES OF REALTY § 142, Pennsylvania Law Encyclopedia, SALES OF REALTY, § 142 Notice, Copyright 2004, Matthew Bender & Company, Inc.,a member of the LexisNexis Group..

10. 1 P.L.E. SALES OF REALTY § 146, Pennsylvania Law Encyclopedia, SALES OF REALTY, § 146 Recording, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

11. 1 P.L.E. SALES OF REALTY § 147, Pennsylvania Law Encyclopedia, SALES OF REALTY, § 147 Scope of Protection, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

12. 1 P.L.E. SALES OF REALTY § 149, Pennsylvania Law Encyclopedia, SALES OF REALTY, § 149 Time of Recording, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

13. 1 P.L.E. STATUTES § 97, Pennsylvania Law Encyclopedia, STATUTES, § 97 Property Rights, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

14. 1 P.L.E. TRUSTS § 143, Pennsylvania Law Encyclopedia, TRUSTS, § 143 Extent of Estate or Interest of Trustee, Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group..

15. 11-182 Pennsylvania Transaction Guide--Legal Forms § 182.01, UNIT 4 REAL ESTATE TRANSACTIONS, Division 1 Sales and Settlement, State Statutes, Pennsylvania Transaction Guide--Legal Forms.

16. 11-182 Pennsylvania Transaction Guide--Legal Forms § 182.22, UNIT 4 REAL ESTATE TRANSACTIONS, Division 1 Sales and Settlement, Recordation and Acknowledgment of Option Contracts, Pennsylvania Transaction Guide--Legal Forms.

17. 11-182 Pennsylvania Transaction Guide--Legal Forms § 182.120, UNIT 4 REAL ESTATE TRANSACTIONS, Division 1 Sales and Settlement, Option Agreement, Pennsylvania Transaction Guide--Legal Forms.

18. 11-187 Pennsylvania Transaction Guide--Legal Forms § 187.01, UNIT 4 REAL ESTATE TRANSACTIONS, Division 1 Sales and Settlement, State Statutes, Pennsylvania Transaction Guide--Legal Forms.

19. 11-187 Pennsylvania Transaction Guide--Legal Forms § 187.29, UNIT 4 REAL ESTATE TRANSACTIONS, Division 1 Sales and Settlement, Recording of Deed, Pennsylvania Transaction Guide--Legal Forms.

20. 11-187 Pennsylvania Transaction Guide--Legal Forms § 187.121, UNIT 4 REAL ESTATE TRANSACTIONS, Division 1 Sales and Settlement, Execution, Delivery, and Recording of Deed, Pennsylvania Transaction Guide--Legal Forms.

21. 12-189 Pennsylvania Transaction Guide--Legal Forms § 189.22, UNIT 4 REAL ESTATE TRANSACTIONS, Division 1 Sales and Settlement, Settlement Services, Pennsylvania Transaction Guide--Legal Forms.

22. 12-190 Pennsylvania Transaction Guide--Legal Forms § 190.02, UNIT 4 REAL ESTATE TRANSACTIONS, Division 1 Sales and Settlement, Research Guide, Pennsylvania Transaction Guide--Legal Forms.

23. 12-190 Pennsylvania Transaction Guide--Legal Forms § 190.03, UNIT 4 REAL ESTATE TRANSACTIONS, Division 1 Sales and Settlement, Legal Background, Pennsylvania Transaction Guide--Legal Forms.

24. 14-241 Pennsylvania Transaction Guide--Legal Forms § 241.01, UNIT 5 PERSONAL TRANSACTIONS, Division 1 Individuals and Families, State Statutes, Pennsylvania Transaction Guide--Legal Forms.

25. 14-241 Pennsylvania Transaction Guide--Legal Forms § 241.26, UNIT 5 PERSONAL TRANSACTIONS, Division 1 Individuals and Families, Acknowledgment and Recording, Pennsylvania Transaction Guide--Legal Forms.

26. 14-241 Pennsylvania Transaction Guide--Legal Forms § 241.121, UNIT 5 PERSONAL TRANSACTIONS, Division 1 Individuals and Families, Execution of Agreement, Pennsylvania Transaction Guide--Legal Forms.

27. 14-247 Pennsylvania Transaction Guide--Legal Forms § 247.29, UNIT 5 PERSONAL TRANSACTIONS, Division 1 Individuals and Families, Filing and Recording of Power of Attorney, Pennsylvania Transaction Guide--Legal Forms.

28. 14-247 Pennsylvania Transaction Guide--Legal Forms § 247.270, UNIT 5 PERSONAL TRANSACTIONS, Division 1 Individuals and Families, Revocation of Power of Attorney--General Form, Pennsylvania Transaction Guide--Legal Forms.

29. 15-261 Pennsylvania Transaction Guide--Legal Forms § 261.200, UNIT 5 PERSONAL TRANSACTIONS, Division 2 Marriage Settlement Agreements, Separation Agreement, Pennsylvania Transaction Guide--Legal Forms.

30. 15-264 Pennsylvania Transaction Guide--Legal Forms § 264.211, UNIT 5 PERSONAL TRANSACTIONS, Division 2 Marriage Settlement Agreements, Provisions for Division of Specified Classes of Property, Pennsylvania Transaction Guide--Legal Forms.

LAW REVIEWS

1. 49 Vill. L. Rev. 233, RECENT CASE: PENNSYLVANIA COMMONWEALTH COURT HOLDS THAT A LAWYER MAY BE LIABLE FOR MALPRACTICE FOR FAILURE TO ENSURE THAT A MORTGAGE IS PROPERLY FILED AND INDEXED, 2004.

DEPOSITION EXHIBIT
Tare 51
9/1/05 JG

Right of 1st Refusal Provision

20-year statute of limitations

Lawsuit

1) Declaratory Jmt
   a) scope of timber rights (construe K or declare ambiguous)
   b) environmental obligations
   c) map

2) Prel & Perm. Injunction
   a) enjoin harvesting in violation of K, PA regs

3) Damages
   a) breach of K (last 4 years) (20)
   b) tort/trespass (last 2 years)
   ⇒ all damages suffered as a result of violations of K, PA regs
   c) purchase price (FMV stump) for all timber harvested that did not exist in 1969
      ⇒ discovery: records of harvest of each tree & size thereof
      PLUS: Examine STUMPS left behind

4) Equitable Trust re: proceeds of harvested timber
5) Conversion



Bartony Hare & Edson
Law & Finance Building
Suite 1801
429 Fourth Avenue
Pittsburgh PA 15219

Invoice submitted to:
Albert Carlisle
1210 Oak Drive
Ashtabula OH 44004

February 7, 1999
In Reference To:Pennsylvania Farm Timber Rights
Invoice #13895 Our Ref.: 94-018

Professional services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 6/23/98 | Phone call with Peter Krembs; draft Praecipe for Writ of Summons; letter to Lainard Bush. | 2.00<br>130.00/hr | 260.00 |
| | For professional services rendered | 2.00 | $260.00 |
| | Additional charges: | | |
| | - Express Delivery | | 13.00 |
| | Total costs | | $13.00 |
| | Interest on overdue balance | | $1,302.43 |
| | Total amount of this bill | | $1,575.43 |
| | Previous balance | | $15,768.45 |

Albert Carlisle

| | Amount |
|---|---|
| Balance due | $17,343.88 |

Deed — [illegible]
E & R Timber

Timber Agt — 100,000 — $7,500
10,000/yr

General ~~Special~~ Warranty
4 mil ok

Pay for timber cut + 10,000/yr.
Will not pay for bldgs + land sold.

Soil Bank.

Can't use timber for more than 10 yrs.

Title Search.

No notice of sale given — P.O. Reg. # 538 — no return receipt
Assessed to Levi S. Clough
Levi S. Clough ⊗ 5/13/27

Lee S. Clough ⊗ 7/16/37

Assess. R.M. Kinkead + Marian C.
376 Buchanan St. W. Pa.

Cy 6 · 594
9 - 327
6 - 683

1948 sale — 46 taxes — Kermit + Keller Frazier purchased — Deed delivered 7/22/49
1949 sale — 47 taxes — R.M. Kinkead " 3/8/50
Date of sale 6/8/49

EXHIBIT
16

7/27/67 F+Y

Clough Farm Spg. Lk Tp. Cr. Co.
~~2000 A.~~ 1350± A.
$120 M (Pete Eaton)

Mrs. Robert Kinkaid - widow ~~sellers~~ : seller.

In fee !! incl. O&G M.

Agt of Sale
$125,000

25,000 down
10,000/yr. for 10 yrs.

Taxes. F+Y. - prorate.

Title search -

Would like to drag feet for 6 mo.
Call Pete Eaton.
Suggest 1000.00 down
24,000.00 six mo
Bal. as above

225

EXHIBIT
17

1/8/99

COURT OF COMMON PLEAS OF WARRANTY COUNTY, PENNSYLVANIA

| | |
|---|---|
| ALBERT T. CARLISLE | CIVIL ACTION - LAW |
| Plaintiff, | Number 353 - 1998 C.D. |
| vs. | Type of Case: Civil Division |
| MATSON LUMBER COMPANY and MATSON HARDWOODS, INC. | Type of Pleading: Amended Complaint |
| Defendants. | Filed on behalf of: Plaintiff, Albert T. Carlisle |

Counsel of Record for this Party:

Elizabeth Ziegler (PA No. 80573)
Law Offices of Henry Borger
301 Market Street
Warren, Pennsylvania 16365
(814) 723-5030

Faith Strawley (PA No: 69050)
Peter J. Krembs (OH No: 0024871)
HERMANN, CAHN & SCHNEIDER
1301 East Ninth Street, Suite 500
Cleveland, Ohio 44114
(216) 781-5515



IN THE COURT OF COMMON PLEAS
WARREN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT T. CARLISLE<br><br>Plaintiff,<br><br>-v-<br><br>MATSON LUMBER COMPANY<br><br>and<br><br>MATSON HARDWOODS, INC.<br><br>Defendants. | ) | CASE NO. 353-1998 C.D.<br><br><br><br><br><br>**AMENDED COMPLAINT**[1] |

NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PENNSYLVANIA LAWYER REFERRAL SERVICES
Pennsylvania Bar Association
100 South Street
Harrisburg, PA 17108 Phone (800) 692-7375

NORTHWESTERN LEGAL SERVICES
Warren, Pennsylvania 16365 Phone (814) 726-2530

---

1 Paragraphs marked with an asterisk (*) are amendments to the original Complaint.

Now comes Plaintiff, Albert T. Carlisle, by and through counsel, and for his Amended Complaint, states as follows:

I. INTRODUCTION

1. Plaintiff Albert T. Carlisle is an individual residing in Ashtabula, Ohio.

2. Defendant Matson Lumber Company ("Matson Lumber") is a corporation organized and existing pursuant to the laws of the Commonwealth of Pennsylvania. Its principal place of business is in Brookville, Pennsylvania.

3. Defendant Matson Hardwoods, Inc. ("Matson Hardwoods") is a corporation under the laws of the Commonwealth of Pennsylvania. Its principal place of business is located in Brookville, Pennsylvania. Hereinafter Defendants may be referred to collectively as "Matson".

4. Matson is the successor in interest to Fisher and Young, Inc. with respect to an Agreement of Sale upon which this action is, in part, based.

5. Plaintiff Albert Carlisle owns a parcel of land consisting of approximately 1,239.6 acres located in Spring Creek Township, Warren County, Pennsylvania. This property is known as the "Clough Farm". Carlisle owns this property in fee simple, subject only to certain limited timber rights held by Matson.

6. The Clough Farm is centrally located between Pittsburgh, Cleveland and Buffalo and is within a few miles of 8200 acres of state game land. The landscape and natural

resources of the Clough Farm include two class A trout streams, Spring Creek and Brokenstraw Creek. Carlisle purchased the subject property from Fisher and Young, Inc., a Pennsylvania corporation, now dissolved, by written agreement of sale dated May 28, 1969. A copy of the Agreement of Sale is attached hereto as Exhibit A.

7. The sale was recorded by a general warranty deed dated January 9, 1970. A copy of this deed is attached hereto as Exhibit B.

8. The deed and Agreement of Sale were filed on January 19, 1970 at Warren County Deed Book 361, Page 13 and January 20, 1970 at Warren County Deed Book 361, Page 32, respectively.

9. The Agreement of Sale conveys to Carlisle all of the land and premises described therein except that it reserves in Fisher and Young, Inc., "all of the timber and trees, standing and fallen, situate on the premises above described," subject to certain additional limiting provisions, as set forth throughout the Agreement of Sale.

10. Paragraph 6 of the Agreement of Sale provides as follows:

> ... Seller shall confine the cutting of saw timber to those trees which measure 16" or more in diameter at 1 ft. Above the ground and shall confine its logging operations to the season from November 1 to March 31 each year. However, smaller trees may be removed, as in thinning, or in pest or fire control, whenever or wherever good forestry practice so dictates.

11. On or about May 4, 1973, American Hardwood Industries, Inc. purchased the assets of Fisher and Young, Inc., including its timber rights at the Clough Farm. This transaction created an entity known as Fisher and Young Hardwoods, Inc. which thereafter owned the timber rights.

12. On or about December 18, 1986, Matson Hardwoods acquired Fisher and Young Hardwoods, Inc. and the timber rights, by merger. Thereafter, Matson Hardwoods undertook timber harvesting operations on the Clough Farm pursuant to the terms of the Agreement of Sale.

13. On December 30, 1994, effective January 1, 1995, Matson Hardwoods merged into Matson Lumber. Pursuant to the Articles of Merger, all assets of Matson Hardwoods, Inc. became the assets of Matson Lumber Company.

14. As a result of the transactions set forth above, Matson is the successor in interest of Fisher and Young, Inc. with respect to the May 28, 1969 Agreement of Sale and January 9, 1970 deed. Matson is thereby bound in the same manner as was Fisher and Young, Inc.

15. On December 18, 1997, in an action captioned Albert T. Carlisle v. Matson Lumber Company, et al., being Case No. 95-0376 in the United States District Court for the Western District of Pennsylvania, a declaratory judgment was rendered in favor of Albert T. Carlisle on, inter alia, the following issue:

> "The jury finds the parties intended to grant seller [Matson] the right to harvest only the timber that then existed on the property in 1969."

The transcript of the jury's verdict is attached hereto as Exhibit "C."

16. On June 24, 1998, Plaintiff caused a Writ of Summons to be filed with the Prothonotary's office in the Court of Common Pleas of Warren County, Pennsylvania as to each defendant. On November 2, 1998, the Court of Common Pleas of Warren County reissued the Writ of Summons.

**COUNT ONE**

(Trespass)

17. Plaintiff incorporates Paragraphs 1 through 16 as though fully rewritten herein.

18. After acquiring the timber rights from Fisher and Young Hardwoods, Inc. on or about December 18, 1986, Matson Hardwoods began logging operations on the Clough Farm. None of Matson Hardwoods' predecessors under the Agreement of Sale had ever conducted any logging operations on the farm.

*19. The aforesaid logging operations first took place during the time period of December 18, 1986 through March 31, 1987. Thereafter, said logging operations took place annually beginning on or about November 1 and ending on or about March 31st of the following year.

*20. Matson has conducted its timber harvesting operations on the Clough Farm in a manner that is, at a minimum, negligent, careless, reckless and inconsistent with prudent practice in the forestry industry.

21. Matson's practices have caused unnecessary damage to Carlisle's property including but not limited to damage to the Clough Farm streams, wetlands and adjoining landscape.

*22. By way of illustration, and not limitation, of Matson's tortious conduct, Matson caused extensive topsoil to wash into Spring Creek, has placed skid trails in and through the Clough Farm streams and has violated state regulations regarding stream crossing, wetland encroachment and erosion control. These practices impair the recreational value of the Clough Farm, and consequently its potential for economic development, because they threaten to extinguish the fragile trout population residing in the streams and otherwise diminish the aesthetic value of the property. Further, Matson has damaged standing trees in the process of removing cut trees from the property and, in addition, Matson has conducted the harvest so negligently so as to destroy much of the regenerative characteristics of the forest. As a result of its negligent, careless and reckless and forestry practices, including those identified herein, Matson has received citations and fines from the Pennsylvania Fish and Boat Commission.

23. Further, Matson's negligence has directly and proximately caused damage to many of the remaining trees on the subject property.

24. As a direct and proximate result of Matson's trespasses set forth herein, Carlisle has suffered and continues to suffer monetary damages and other damages for which he is

entitled to compensation. In addition, Matson's negligence has severely and permanently impaired the commercial value of Clough Farm, both as a perpetual source of timber and as a recreational facility.

*25. In the alternative, Matson's conduct complained of was outrageous, intentional, willful, reckless, careless, grossly negligent and beyond the bounds of reasonable and acceptable conduct because, although Matson knew or should have known that its harvesting operations on the Clough Farm were inconsistent with prudent practice in the forestry industry and were causing the aforesaid damages, Matson continued to conduct said operations, and Carlisle is therefore entitled to receive an award of punitive damages.

*WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, jointly and severally, in an amount in excess of $10,000, along with punitive damages, delay damages, interest, costs and all other relief that this Court deems just.

**COUNT TWO**
(Breach of Contract)

26. Plaintiff incorporates Paragraphs 1 through 25 as though fully rewritten herein.

27. The Agreement of Sale between the parties specifies that seller accepts and reserves from the property:

> All of the timber and trees, standing and fallen, situate on the premises above-described, with full right of ingress, egress and regress for purposes of cutting, skidding, piling and removing the

same, constructing roadways and skidways, and piling yards for such purposes . . .

*28. Pursuant to the declaratory judgment of the United States District Court for the Western District of Pennsylvania, set forth above, the above language limits Defendants' timber rights to only those trees which were in existence at the time of the execution of the Agreement of Sale, to-wit: May 28, 1969. Paragraph 6 of the Agreement of Sale, quoted above, further limits Defendants' timber rights to only those trees which were 16" diameter or greater in diameter and at one foot above the ground on the date of sale.

29. Notwithstanding the above provision of the Agreement of Sale, Matson, beginning in 1986, has harvested trees outside the scope of the reservation of timber rights, i.e. trees which have come into existence since 1969 and so were not subject to the exception and reservation set forth above.

*30. The aforesaid harvesting operations first took place during the time period of December 18, 1986 through March 31, 1987. Thereafter, said harvesting operations took place annually beginning on or about November 1 and ending on or about March 31st of the following year.

*31. The damages suffered by Plaintiff, as described above, were the direct and proximate result of Matson's breach of the Agreement of Sale, as aforesaid.

*WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of

$10,000, along with delay damages, interest, costs and all other relief that this Court deems just.

**COUNT THREE**
(Indemnity)

32. Plaintiff incorporates Paragraphs 1 through 31 as though fully set forth herein.

33. Paragraph 11 of the Agreement of Sale provides that the parties agreed as follows:

> That the seller [Matson] shall indemnify the buyer [Carlisle] and hold it harmless from any loss, claim or cause of action arising out of the seller's logging operation and timber management; and/or from the acts of its agents, employees or contractors; and the seller shall maintain $100,000-$300,000 liability insurance against personal injury and $50,000 property damage as security for protection against <u>claims of buyer or third parties arising out of the said operations and management</u>.

34. By virtue of the above provision, Matson, as successor in interest to Fisher and Young, Inc. is bound to indemnify Carlisle for all damages caused by the acts of its employees, agent and contractors on the Clough Farm property.

*WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of $10,000, along with delay damages, interest, costs and all other relief that this Court deems just.

**COUNT FOUR**
(Conversion)

*35. Plaintiff incorporates Paragraphs 1 through 34 as though fully set forth herein.

*36. By harvesting and removing timber in breach of the parties' Agreement of Sale or otherwise outside the scope of its rights under that agreement, as set forth above, Matson wrongfully converted such timber to its own use and benefit in violation of Carlisle's ownership and property rights therein.

*37. The aforesaid conversions of timber first took place during the time period of December 18, 1986 through March 31, 1987. Thereafter, said conversions of timber took place annually beginning on or about November 1 and ending on or about March 31st of the following year.

*38. As a direct and proximate result of Matson's wrongful conversion, Carlisle has suffered monetary damages in an amount equal to the value of the timber wrongfully converted, for which he is entitled to receive compensation herein.

*39. Matson's conduct complained of herein was intentional, willful, reckless, careless, grossly negligent and beyond the bounds of reasonable and acceptable conduct. In the alternative, Matson's conduct was, at a minimum, negligent. Carlisle is therefore entitled to receive an award of damages pursuant to 42 Pa.C.S. Section 8311.

*WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of

$10,000, along with damages pursuant to Section 8311, delay damages, interest, costs and all other relief that this Court deems just.

Respectfully submitted,

Elizabeth Ziegler (80573)
Law Offices of Henry Borger
301 Market Street
Warren, Pennsylvania 16365
(814) 723-5030

Faith Strawley (PA Id. No.: 69050)
Peter J. Krembs (OH Id. No.:0024871)
HERMANN, CAHN & SCHNEIDER
1301 East Ninth Street, Suite 500
Cleveland, Ohio 44114
(216) 781-5515

Attorneys for Plaintiff
Albert T. Carlisle

VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signor. Signor verifies that he has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. R.C.P. §4904 relating to unsworn falsification to authorities.

Albert T. Carlisle

Dated: January 6, 1999

| Parcel # | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tract | 363-364 | 363 | 304 | 303 | 363 | | | 304 | 373 | 373 | 310 | 310 | 313 | 304 | 314 | 363 |
| Acres | 64 | 237 | 105 | 54+- | 63 | 53 | 31.5+ | 68.59 | 44 | 45 | 50 | 214 | 78 | 51 | 50 | 60 |
| | | | | | | | | | | | | | | | | |
| Grantee | Carlisle, Albert | | | | | | | | | | | | | | | |
| DB/page | 363/13 | | | | | | | | | | | | | | | |
| Date | | | | | | | | | | | | | | | | |
| Grantor | Fisher Young Inc | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| Grantee | Fisher Young Inc | | | | | | | | | | | | | | listed as parcel | listed as parcel 17 |
| DB/page | 357/349 | same | | | | | | | | | | | | | # 16 352/110 | 357/349;352/1140; 376/939 |
| Date | 3-27-69 4-22-69 | | | | | | | | | | | | | | | |
| Grantor | Kinkead, Marion & Robert | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| Grantee | Kinkead, Marion & Robert | | | | | | | | | | | | | | | |
| DB/page | 325/85 | same | | | | | | | | | | | | | | |
| Date | 11-30-62 12-3-62 | | | | | | | | | | | | | | | |
| Grantor | Kinkead, R. M. | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| Grantee | Kinkead, R. M. | | | | | | | | | | | | | | | |
| DB/page | 247/388 | 247/584 | 247/385 | | <--247/387--> | | | 247/391 | 247/397 | 247/393 | 247/390 | 247/390 | 247/389 | 247/395 | 247/395 | 247/396 |
| Date | | | | | | | | | | | | | | | | |
| Grantor | Clough, Levi by Treasurer | | | | | | | | | Treasurer | | | | | | |
| | | | | | | | | | | | | | | | | |
| DB/page | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough |
| DB/page | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 |
| Date | | | | | | | | | | | | | | | | |
| Grantor | Clough Estate | Clough Estate | Clough Estate | Clough | Clough Estate | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est |
| | | | | | | | | | | | | | | | | |
| Grantee | Nichols, C.W. | | | | | | | Clough Levi | Clough Levi | Clough | Clough | Clough | Clough | Clough | Clough | Clough |
| DB/page | <-- | 111/558 | --> | | 111/555 | | | 99/354 | 102/631 | 99/521 | 100/120 | 78/656 | 105/620 | 114/397 | 114/314 | 114/315 |
| Date | <- | -5-11-55 4-14-09 | --> | | | | | 10/4/05 | 5/13/07 | 2/6/06 | 1/7/05 | 4/16/06 | 10/8/06 | 4/18/11 | 3/2/11 | 3/2/11 |
| Grantor | Clough, Levi | | | | Preston, asgne of C.W.Nichols | | | Catlin/Blow | W.H. Morton | Kittrick Heirs | E.M. Kapp & H.M. Preston | Newbold | Dan Geiger | J.V. Kinyon | M.A. Morton | M.A. Morton |
| | | | | | | | | | | | | | | | | |
| Grantee | Clough, Levi | | | | | | | Catlin/Blow | Morton | Kittrick Heirs | Kapp/Preston | Newbold | Geiger Dan | Kinyon | Morton | Morton |
| DB/page | <-- | 100/120 | --> | 68/81 | 68/81 | 54/299 | 54/299 | 99/123 | 98/715 | RD7/359 | 97/625 | U/59 | Shb3/675 & Mb6/479 | 78/594 | 90/382 | RD10/503 |
| Date | | | | | | | | | | Amanda | | | | | | |
| Grantor | Kapp & Preston | | | Bates | Bates | Bates | Bates | Nichols | Preston | Greeley | Weed | Biddle | Nichols | Weed | Morton | Morton |

WARRANTY DEED—INDIVIDUAL
For Sale by Reddings, Warren, Pennsylvania.

FILED AND ENTERED at 11:49 o'clock A.M. on APR 23 1973

BOOK 376 PAGE 939

# This Deed,

Made the 20th day of April in the year Nineteen hundred and seventy-three (1973).

Between MARION C. KINKEAD, widow, of the Borough of Warren, County of Warren and State of Pennsylvania,

grantor

and FISHER & YOUNG, INC., a Pennsylvania Corporation, with principal office in Oil Creek Township, Crawford County, Pennsylvania,

grantee

Witnesseth, That in consideration of One and 00/100 ($1.00) Dollar in hand paid, the receipt whereof is hereby acknowledged, the said grantor do es hereby grant and convey to the said grantee . All of the timber and trees standing and down measuring 12 inches and more in diameter one foot from the ground, on ALL THOSE CERTAIN pieces or parcels of land situate in the Township of Spring Creek, County of Warren and State of Pennsylvania, described as follows:

1. BEGINNING at the northeast corner, a hemlock tree; thence south 136 rods to a post; thence by land formerly owned by W. A. Irvine west to the corner of land formerly owned by Francis Bates; thence by land of said Bates 136 rods to a post; thence by land of said W. A. Irvine east to the place of beginning, containing 64 acres 155 rods, more or less.

2. BEGINNING at a post and stones in the northwest corner of the lot hereby conveyed; thence east 169 rods to a post; thence south 101 rods to a post; thence east 49.1 rods to a post; thence south 110.7 rods to a post; thence west 166 rods to a post; thence north 62.7 rods to a post; thence west 53.7 rods to a post; thence north 149 rods to a post and stones, the place of beginning, containing 237 acres of land, more or less, and being part of Tract No. 363.

3. BEGINNING at the northwest corner of said piece of land at a post; thence in a southerly direction along the Morton Hill Road to the southwest corner of said piece of land; thence N 88 3/4° E 134.6 rods to a hemlock; thence N 1 1/4° E 131.4 rods to a post; thence S 89 3/4° W 134.6 rods to a post, the place of beginning, containing about 105 acres, more or less.

4. Being the homestead farm formerly of G. W. Nichols, and described in the three following several deeds: from Frank E. Bates and wife to C. W. Nichols dated March 21, 1890 and recorded in Deed Book 68, page 81, as commencing at a post in the south line of said property; thence by lands of Smith S 88 3/4° W 55.5 perches to a post; thence by the same N 1 1/4° W to the state road, supposed to be about 145 rods; thence eastwardly along the center of said road to the northwest corner of land deeded by Francis Bates to L. L. Bates; thence S 1 1/4° E along said L. L. Bates' land to a post, the place of beginning, supposed to contain

about 55 or 54 acres of land out of Tract No. 303.

5. The east half of 63 acres of land deeded from George Yeager to Francis Bates on July 5, 1850 and recorded on July 3, 1851, off of Tracts No. 304 and 363.

BOOK 376 PAGE 940

6. As described in deed from L. L. Bates and wife to C. W. Nichols dated February 21, 1886, commencing in the center of the State Road and the center of the Morton Hill Road at the junction of those two roads; thence by land of Cordelia Leonard and W. A. Irvine S 1 1/4° E 185.5 rods to a beech, the southeast corner of the Francis Bates home farm; thence S 88 3/4° W along the south line of said farm 51 rods to a post; thence N 1 1/4° W to the State Road; and thence eastwardly along the center of said road to the center of said Morton Hill Road, the place of beginning, supposed to contain about 53 acres of land.

7. On the north by land above described; on the east by land of F. E. Bates; on the south by land formerly of C. W. Nichols; and on the west by land of M. Smith, containing about 31 1/2 acres of land; and also so much of the land described in deed from S.D.I. Newbold to the said C.W. Nichols dated March 22, 1888 and recorded in Deed Book 64, page 136, as lies west of the Morton Hill Road, and adjoining the lands hereinabove described.

8. On the south by lands owned by W. A. Irvine's heirs; on the west by the Morton Hill Road and land formerly owned by George Bates; on the north by land formerly owned by Mrs. Elias Wood; and on the east by the station road and lands formerly owned by Lewis Stoddard, containing 68 acres 59 rods of land, more or less, out of Tract No. 304.

9. On the north by land of Whiteley; on the east by land formerly of Greeley; on the south by lands formerly owned by W. A. Irvine; and on the west by lands conveyed to C. W. Nichols by F. J. Jones and wife, and a public road leading to Spring Creek R. R. Station and lands of Stoddard, containing 44 acres, more or less.

10. On the north by land of Tom Forbes; on the east by land formerly of W. A. Irvine and L. S. Clough; on the south by land formerly of William Morton now L. S. Clough, containing 45 acres, more or less.

11. Part of Tract No. 310, described as follows: BEGINNING in the center of the State Road at a point where the same crosses the Tract line between land formerly of Sarah D. I. Newbold and that of L. Greeley; thence S 1° 45' E 88 rods to a post, the southwest corner of Tract No. 310; thence N 88° 45' E along the southerly line of Tract No. 310, 81 rods to a post in said Tract line; thence N 2° W 109 1/2 rods to a post in the center of the State Road; thence along the center of said road westerly 84.3 rods to the place of beginning, containing 50 acres of land, more or less.

12. BEGINNING at a point in the center of the State Road, at the northeast corner of land heretofore conveyed by S. S. Wead, and running thence S 2° E 112.6 rods to a post at the southeast corner of said Wead's land, and in the south line of Tract No. 310; thence N 88 3/4° E 350 rods to the western bank of the Big Brokenstraw Creek at low water mark; thence northwesterly along the western bank of the Big Brokenstraw Creek at low water mark to the center of the State Road; thence southwesterly along the center of the State Road to the place of beginning, containing 214 acres 104 perches of land, more or less, and being a part of Tract No. 310. The land herein conveyed to include all the land lying west of the Big Brokenstraw Creek belonging to Mrs. S. D. I. Newbold in said Tract. Also, all the islands in that part of Brokenstraw Creek which lie east of the foregoing described land.

13. BEGINNING at the northwest corner of Tract No. 313; thence extending along the north line of said Tract due east 91.9 perches to the corner of land formerly of E. Jackson; thence along the same due south 135 perches to the southwest corner of said Jackson's land; thence due west 94 perches to the west line of said tract; thence along said line due north 135 perches to the place of beginning, containing 78 acres 41 perches, more or less, being the northwest corner of Tract No. 313. Being land conveyed to L. S. Clough by Dan A. Geiger and wife by deed dated October 1, 1906 and recorded in Deed Book 105, page 260.

14. On the north by lands formerly of Miles and Watts; on the east by the eastern line of the tract; on the south by the southern line of the tract; on the west by lands formerly of Yeager and Miles and Watts. Being 51 acres 18 perches from the southeast side of Tract No. 304, as conveyed to L. S. Clough by deed of J. V. Kinyon dated March 30, 1911 and recorded in Deed Book 114, page 397.

15. BEGINNING at the northwest corner of the whole Tract No. 314; thence south by the west line of the tract 159 rods to a post; thence east 53 rods 8 links to a post; thence north by the residue of the tract 159 rods to a post in the north line of the tract; thence west along the north line of the tract 53 rods 8 links to the place of beginning, containing 50 acres and allowance.

16. BEGINNING at the northeast corner of Jacob Wright's land at a post; thence by the same south 142.5 perches to an ash, the southwest corner of Wright's land; thence by land of H. B. Dexter east 53 perches to a post; thence by the same south 81 perches to a post in the south line of the tract; thence east 76 perches to a hemlock, the southeast corner of the tract; thence north 223.5 perches to a maple, the northeast corner of the tract; thence by Tract No. 318 west 129 perches to the place of beginning, containing 153 acres, more or less, in Tract No. 317.

17. BEGINNING at the northwest corner of the tract conveyed at a post; thence by land formerly of Sager east 50.7 perches to lands formerly of Jackson; thence by land formerly of Jackson south 201 perches to land formerly of Irvine; thence by land formerly of Irvine west 50.7 perches to a post; thence by lands formerly of Irvine and lands formerly of Yager north 201 perches to the place of beginning, containing 60 acres, more or less, being part of Tract No. 363.

Together with rights of entry on and over said premises for the purpose of ~~cutting, skidding, piling and removing said timber, until April 1, 1978~~, on and after which date all rights hereunder shall cease and determine, and all remaining timber and trees vest without notice in the Grantor, her heirs and assigns.

This timber deed is given in fulfillment of an agreement for the sale of said timber, with appurtenant rights as therein set forth, which was dated April 1, 1968 between the parties hereto.

BOOK 376 PAGE 942

And the said grantor does hereby warrant generally the property hereby conveyed.

In Witness Whereof, the said grantor ha s hereunto set her hand and seal the day and year first above written.

Signed, Sealed and Delivered in Presence of

Marion C. Kinkead Seal.

Seal.

Seal.

Seal.

Seal.

Seal.

Seal.

Seal.

Commonwealth of Pennsylvania }
County of WARREN } ss:

On this, the 20th day of April, 1973, before me, a Notary Public, the undersigned officer, personally appeared MARION C. KINKEAD, widow,

SANDRA L. EBERHARDT NOTARY PUBLIC

known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

Sandra L. Eberhardt
Notary Public

My Commission expires Nov. 8, 1976

I hereby certify that the precise residence of the within named Grantee is Titusville, Pa.

[signature]

| Parcel # | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tract | 363-364 | 363 | 304 | 303 | 363 | | | 304 | 373 | 373 | 310 | 310 | 313 | 304 | 314 | 363 |
| Acres | 64 | 237 | 105 | 54+- | 63 | 53 | 31.5+ | 68.59 | 44 | 45 | 50 | 214 | 78 | 51 | 50 | 60 |
| | | | | | | | | | | | | | | | | |
| Grantee | Carlisle, Albert | | | | | | | | | | | | | | | |
| DB/page | 363/13 | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——> |
| Date | | | | | | | | | | | | | | | | |
| Grantor | Fisher Young Inc | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| Grantee | Fisher Young Inc | | | | | | | | | | | | | | listed as parcel | listed as parcel 17 |
| DB/page | 357/349 | same ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | # 16 352/110 | 357/349;352/1140; 376/939 |
| Date | 3-27-69 4-22-69 | | | | | | | | | | | | | | | |
| Grantor | Kinkead, Marion & Robert | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| Grantee | Kinkead, Marion & Robert | | | | | | | | | | | | | | | |
| DB/page | 325/85 | same ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——— | ——> |
| Date | 11-30-62 12-3-62 | | | | | | | | | | | | | | | |
| Grantor | Kinkead, R. M. | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| Grantee | Kinkead, R. M. | | | | | | | | | | | | | | | |
| DB/page | 247/388 | 247/584 | 247/385 | <--247/387--> | | | | 247/391 | 247/397 | 247/393 | 247/390 | 247/390 | 247/389 | 247/395 | 247/395 | 247/396 |
| Date | | | | | | | | | | | | | | | | |
| Grantor | Clough, Levi by Treasurer | | | | | | | | | Treasurer | | | | | | |
| | | | | | | | | | | | | | | | | |
| DB/page | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough |
| DB/page | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 |
| Date | | | | | | | | | | | | | | | | |
| Grantor | Clough Estate | Clough Estate | Clough Estate | Clough | Clough Estate | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est |
| Grantee | Nichols, C.W. | | | | | | | Clough Levi | Clough Levi | Clough | Clough | Clough | Clough | Clough | Clough | Clough |
| DB/page | <-- | 111/558 | --> | | 111/555 | | | 99/354 | 102/631 | 99/521 | 100/120 | 78/656 | 105/620 | 114/397 | 114/314 | 114/315 |
| Date | <- | -5-11-55 4-14-09 | --> | | | | | 10/4/05 | 5/13/07 | 2/6/06 | 1/7/05 | 4/16/06 | 10/8/06 | 4/18/11 | 3/2/11 | 3/2/11 |
| Grantor | Clough, Levi | | | Preston, asgne of C.W.Nichols | | | | Catlin/Blow | W.H. Morton | Kittrick Heirs | E.M. Kapp & H.M. Preston | Newbold | Dan Geiger | J.V. Kinyon | M.A. Morton | M.A. Morton |
| Grantee | Clough, Levi | | | | | | | Catlin/Blow | Morton | Kittrick Heirs | Kapp/Preston | Newbold | Geiger Dan | Kinyon | Morton | Morton |
| DB/page | <-- | 100/120 | --> | 68/81 | 68/81 | 54/299 | 54/299 | 99/123 | 98/715 | RD7/359 | 97/625 | U/59 | Shb3/675 & Mb6/479 | 78/594 | 90/382 | RD10/503 |
| ate | | | | | | | | | | Amanda | | | | | | |
| Grantor | Kapp & Preston | | | Bates | Bates | Bates | Bates | Nichols | Preston | Greeley | Weed | Biddle | Nichols | Weed | Morton | Morton |

EXHIBIT
5

| Parcel # | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tract | 363-364 | 363 | 304 | 303 | 363 | | | 304 | 373 | 373 | 310 | 310 | 313 | 304 | 314 | 363 |
| Acres | 64 | 237 | 105 | 54+- | 63 | 53 | 31.5+ | 68.59 | 44 | 45 | 50 | 214 | 78 | 51 | 50 | 60 |
| Grantee | Carlisle, Albert | | | | | | | | | | | | | | | |
| DB/page | 363/13 | | | | | | | | | | | | | | | |
| Date | | | | | | | | | | | | | | | | |
| Grantor | Fisher Young Inc | | | | | | | | | | | | | | | |
| Grantee | Fisher Young Inc | | | | | | | | | | | | | | listed as parcel | listed as parcel 17 |
| DB/page | 357/349 | same | | | | | | | | | | | | | # 16 352/110 | 357/349;352/1140; 376/939 |
| Date | 3-27-69 4-22-69 | | | | | | | | | | | | | | | |
| Grantor | Kinkead, Marion & Robert | | | | | | | | | | | | | | | |
| antee | Kinkead, Marion & Robert | | | | | | | | | | | | | | | |
| DB/page | 325/85 | same | | | | | | | | | | | | | | |
| Date | 11-30-62 12-3-62 | | | | | | | | | | | | | | | |
| Grantor | Kinkead, R. M. | | | | | | | | | | | | | | | |
| Grantee | Kinkead, R. M. | | | | | | | | | | | | | | | |
| DB/page | 247/388 | 247/584 | 247/385 | | <--247/387--> | | | 247/391 | 247/397 | 247/393 | 247/390 | 247/390 | 247/389 | 247/395 | 247/395 | 247/396 |
| Date | | | | | | | | | | | | | | | | |
| Grantor | Clough, Levi by Treasurer | | | | | | | | | Treasurer | | | | | | |
| DB/page | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough | Clough |
| DB/page | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 | 223/299 |
| Date | | | | | | | | | | | | | | | | |
| Grantor | Clough Estate | Clough Estate | Clough Estate | Clough | Clough Estate | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est | Clough Est |
| Grantee | Nichols, C.W. | | | | | | | Clough Levi | Clough Levi | Clough | Clough | Clough | Clough | Clough | Clough | Clough |
| DB/page | <-- | 111/558 | --> | | 111/555 | | | 99/354 | 102/631 | 99/521 | 100/120 | 78/656 | 105/620 | 114/397 | 114/314 | 114/315 |
| Date | <- | -5-11-55 4-14-09 | --> | | | | | 10/4/05 | 5/13/07 | 2/6/06 | 1/7/05 | 4/16/06 | 10/8/06 | 4/18/11 | 3/2/11 | 3/2/11 |
| Grantor | Clough, Levi | | | | Preston, asgne of C.W.Nichols | | | Catlin/Blow | W.H. Morton | Kittrick Heirs | E.M. Kapp & H.M. Preston | Newbold | Dan Geiger | J.V. Kinyon | M.A. Morton | M.A. Morton |
| Grantee | Clough, Levi | | | | | | | Catlin/Blow | Morton | Kittrick Heirs | Kapp/Preston | Newbold | Geiger Dan | Kinyon | Morton | Morton |
| DB/page | <-- | 100/120 | --> | 68/81 | 68/81 | 54/299 | 54/299 | 99/123 | 98/715 | RD7/359 | 97/625 | U/59 | Shb3/675 & Mb6/479 | 78/594 | 90/382 | RD10/503 |
| Date | | | | | | | | | | Amanda | | | | | | |
| Grantor | Kapp & Preston | | | Bates | Bates | Bates | Bates | Nichols | Preston | Greeley | Weed | Biddle | Nichols | Weed | Morton | Morton |

Plaintiff's Appendix
000778

11-13-02

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grantee | Kapp & Preston | | | | | | | | | | | | | | | |
| DB/page | <-- | 100/119 | --> | <-- | 46/233 | | --> | 77/628 | 78/430 | 40/198 | n/a | n/a | n/a | 53/473 | n/a | 31/183 |
| Date | | | | 3/1/90 | | 5/10/86 | | 5/19/05 | 11/16/04 | RD6/763 | 5/19/04 | 2/29/64 | 3/6/05 | 2/27/04 | | |
| Grantor | Dunkle, J.W. | | | Frank E. Bates | | L.L. Bates | | C.W. Nichols | Preston asgne of C.W. Nichols | Lovell Greeley | S.S. Weed Ea. | Margaret Biddle | | W.M. Weed, Weed & Kinyon | Heirs of Louisa A. Morton | Dexter Morton |
| Grantee | Dunkle, J.W. | | | | | | | | | | | | | | | |
| DB/page | <-- | 100/116 | --> | n/a | n/a | n/a | n/a | 74/90 | 87/330 | 40/196 | n/a/ | n/a | 63/322 | n/a | n/a | n/a |
| Date | 1/7/05 | | | | | | | 4/8/95 | 4/12/02 | | | | | 2/25/94 | | 5/30/63 |
| Grantor | Preston & Nichols | | | | | | | Robert Burch | John Jones | Francis Bates | | | Baker & C.W. Nichols | J.D. Deming | | Arthur Cullin |
| Grantee | Preston & Nichols | | | | | | | | | | | | | | | |
| DB/page | 96/331 | 96/331 | 64/136 | n/a | n/a | n/a | n/a | 44/533 | Shf1/585 | | | | | | | |
| Date | 11-10-04 1-7-05 | | | | | | | 1/25/93 | 2/7/01 | 12-7-61 12-31-76 | | | 6/23/94 | | | |
| Grantor | Nichols, C.W. | | | | George Yager | | | John Jones | F.T. Jones | Shf | | | treasurer | | | |
| Grantee | Nichols, C.W. | | | | | | | | | | | | | | | |
| DB/page | 87/306 | 58/152 69/153 | | | | | | | | | | | | | | |
| Date | 10/17/03 | 1-14-96 6-7-84 | 4/5/88 | | | | | 10-27-79 10-28-79 | 6/8/99 | | | | | | | |
| Grantor | Cram, David | L.F. Watson & SDI Newbold | SDI Newbold | | | | | Levi Leonad | Nelson & Rickerson | | | | | | | |
| Grantee | Cram, David | | | | | | | | | | | | | | | |
| DB/page | 77/62 | 53/513 | | | | | | | | | | | | | | |
| Date | 1/25/01 | 6/23/70 | | | | | | | | | | | | | | |
| Grantor | Jones, John | Treas | | | | | | | | | | | | | | |
| Grantee | Jones, John | | | | | | | | | | | | | | | |
| DB/page | 71/62 | | | | | | | | | | | | | | | |
| Date | 3/8/94 | | | | | | | | | | | | | | | |
| Grantor | Garcelon, Lottie & Lillian | | | | | | | | | | | | | | | |
| Grantee | Garcelon, W.G. | | | | | | | | | | | | | | | |
| DB/page | W/682 | | | | | | | | | | | | | | | |
| Date | 3/14/92 | | | | | | | | | | | | | | | |
| Grantor | Ollo Prior | | | | | | | | | | | | | | | |
| Date | 3/21/65 | | | | | | | | | | | | | | | |