IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALBERT T. CARLISLE,                )
    Plaintiff,                 )
                               )
    v.                         ) Civil Action No. 04-25 Erie
                               )
BARTONY, HARE AND EDSON,           )
et al.,                            )
    Defendants.                )

ORDER OF COURT

Before the court is defendants' motion for summary judgment. Defendants contend that this legal malpractice claim is barred by the applicable two-year statute of limitations. For the reasons that follow, the motion will be granted.

The parties are familiar with claims, defenses, and history of this ongoing, contentious, litany of litigation surrounding the ownership of the timber rights to a parcel of property owned by Carlisle known as the "Clough Farm." They need not be repeated here; however, material to the motion, is that in 1995 Carlisle filed a civil action in this court captioned <u>Carlisle v. Matson Lumber Co. and Matson Hardwoods, Inc.</u> at Civil Action No. 95-3676. In that complaint, Carlisle asserted claims against Matson Lumber ("Matson") for breach of contract, trespass, and conversion. Carlisle alleged that Matson had breached the terms of an agreement between them when Matson improperly harvested trees in a certain area of plaintiff's property. In addition,

the complaint requested an accounting, and declaratory and injunctive relief defining the parties' respective rights to the timber on the property.

At some point after discovery but before trial, plaintiff's counsel, defendant Scott M. Hare, voluntarily dismissed the trespass and conversion claims against Matson. Hare asserts that he did so because he wanted to "streamline" the case for trial and did not think the trespass and conversion claims were strong. It is this decision by Hare that is the gravamen of plaintiff's current malpractice claim.

On December 18, 1997 the jury returned a verdict in Carlisle's favor on the breach of contract claim and awarded damages in the sum of $110,000.[1] Plaintiff was disappointed with the amount of the verdict and with the jury's failure to declare him the owner of the lumber rights on the property. Within months of the federal jury verdict, plaintiff filed suit in the Court of Common Pleas of Warren County, Pennsylvania, against Matson asserting the same trespass and conversion claims that had been withdrawn in the federal court action, as well as some additional claims. After filing the Warren County complaint, Hare was discharged and replaced with new counsel. On January

---

[1] The jury verdict was affirmed by the Court of Appeals for the Third Circuit.

30, 2002, the presiding Warren County judge dismissed all claims for any damages arising prior to the December 18, 1997 jury verdict, holding that they were barred by <u>res judicata</u>. The remaining claims are still pending. Plaintiff filed this suit in legal malpractice on January 27, 2004.

Reduced to the essence, plaintiff contends that Hare committed legal malpractice by failing to discover, through a proper title search, a 1973 deed which he contends would have established that Matson had no right to the timber on the property at issue. Plaintiff further contends that had the 1973 deed been discovered and introduced at trial, it would have bolstered his claim that Matson was trespassing on the property. With this additional evidence, the trespass and conversion claims would not have been withdrawn, but gone forward resulting in an award of damages significantly higher.

The first question we must address is when the statute of limitations began to run. In making this determination, we are mindful of the Pennsylvania courts' policy favoring the strict application of statutes of limitations. <u>Booher v. Olczak</u>, 797 A.2d 342 (Pa. Super. 2002). In actions for legal malpractice, Pennsylvania uses the occurrence rule to determine when the statute of limitations begins to accrue. Under this rule, "the statutory period commences upon the happening of the alleged

breach of duty." Robbins & Seventko Orthopedic Surgeons, Inc. v. Geisenberger, 674 A.2d 244, 246 (Pa. Super. 1996) (citation omitted). Restated, under Pennsylvania law, the statute begins to run on the date the attorney committed the act constituting malpractice.

In this case, to the extent that defendant committed legal malpractice, he did so by: 1) withdrawing the trespass and conversion claims; 2) failing to discover the 1973 deed before the trial; and 3) securing an inadequate amount of damages on plaintiff's claim. These alleged acts of malpractice all occurred before December 18, 1997, the date of the jury verdict. This complaint was filed January 27, 2004, over five years after the alleged malpractice occurred. Clearly, this claim is time barred under the occurrence rule.

An exception to the occurrence rule, however, is the equitable discovery rule, which will be applied when the injured party is unable, despite the exercise of due diligence, to know of the injury or its cause. Lack of knowledge, mistake or misunderstanding, will not toll the running of the statute. Robbins, 674 A.2d at 246-247 (citations omitted). In general, the discovery rule excludes the period of time during which a party was unaware the he had sustained an injury. The purpose being to permit that person the same ability to prosecute his

claim as those who suffered an immediately ascertainable injury. As the discovery rule has developed, the key point that gives rise to its application is the inability of the injured party, despite the exercise of reasonable diligence, to know that he has been injured and by what cause.

We need not dwell on this at length. The discovery rule did not toll the running of the statute of limitations in this case. Indeed, plaintiff was fully aware of each of the offending acts that he now complains of, i.e. withdrawal of the trespass and conversion claims; the "inadequate" amount of the verdict; and Hare's failure to discover and introduce the 1973 deed--when they occurred. At a minimum, he was aware of each of these "injuries" and their cause--the decisions and prosecution of the case by his attorney--as of the date the verdict was reached.[2]

Nor does the fact that plaintiff continued to retain Hare until mid 1998 when he was discharged and replaced with new counsel alter this result. That is, plaintiff retained new counsel more than four years before the filing of this complaint,

---

[2] The issue, raised once again by Carlisle, as to when he had constructive, if not actual notice of the 1973 deed, has already been ruled on adverse to Carlisle. There is no need for further discussion. See Carlisle v. Matson Lumber Co., 2006 WL 1518922 (3d Cir. 2006).

clearly more than enough time to make reasonable inquiry as to whether he had a legal malpractice claim against Hare.³

We have carefully considered all of plaintiff's arguments in an attempt to save this untimely claim. We find none to have merit and need not discuss them further. We need only state that this claim is clearly barred by the applicable two-year statute of limitations and the discovery rule tolling exception does not apply.

The appropriate order follows.

---

³ Although not specifically stated, in this regard plaintiff's argument appears to be relying on a "continuous representation rule." Pennsylvania does not recognize such a tolling rule in legal malpractice claims. Glenbrook Leasing Co. v. Beausang, 839 A.2d 437 (Pa. Super. 2003).

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

ALBERT T. CARLISLE,            )
    Plaintiff,              )
                              )
   v.                          )   Civil Action No. 04-25 Erie
                              )
BARTONY, HARE AND EDSON,       )
et al.,                        )
    Defendants.             )

## ORDER

AND NOW, this 2nd day of August, 2006, IT IS HEREBY ORDERED that defendants, motion for summary judgment [document #38] is granted. The Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

cc:   All Counsel of Record